■ In the Matter of PAUL SILVESTRI, Petitioner, v JAMES W. HUBERT, Respondent. [965 NYS2d 185]—

Proceeding pursuant to CPLR article 78 to review a determination of the respondent, James W. Hubert, a Judge of the County Court, Westchester County, entered August 13, 2012, which upon reargument, adhered to his prior determination entered May 18, 2012, revoking the petitioner's pistol license.

Adjudged that the petition is denied and the proceeding is dismissed, with costs.

A proceeding pursuant to CPLR article 78 "must be commenced within four months after the determination to be

reviewed becomes final and binding upon the petitioner" (CPLR 217 [1]). The Court of Appeals "has identified two requirements for fixing the time when agency action is 'final and binding upon the petitioner.' First, the agency must have reached a definitive position on the issue that inflicts actual, concrete injury and second, the injury inflicted may not be prevented or significantly ameliorated by further administrative action or by steps available to the complaining party" (*Matter of Best Payphones, Inc. v Department of Info. Tech. & Telecom. of City of N.Y.*, 5 NY3d 30, 34 [2005]).

"A determination generally becomes binding when the aggrieved party is 'notified' " (*Matter of Village of Westbury v Department of Transp. of State of N.Y.*, 75 NY2d 62, 72 [1989]; *see Matter of Biondo v New York State Bd. of Parole*, 60 NY2d 832, 834 [1983]; *Matter of McCarry v Purchase Coll., State Univ. of N.Y.*, 98 AD3d 671, 672 [2012]; *Matter of Bill's Towing Serv., Inc. v County of Nassau*, 83 AD3d 698, 699 [2011]).

"The burden rests on the party seeking to assert the statute of limitations as a defense to establish that the petitioner was provided notice of the determination more than four months before the proceeding was commenced" (*Matter of Bill's Towing Serv., Inc. v County of Nassau*, 83 AD3d at 699; *see Matter of Village of Westbury v Department of Transp. of State of N.Y.*, 75 NY2d at 72; *Matter of Brown v New York State Racing & Wagering Bd.*, 60 AD3d 107, 113 [2009]; *Berkshire Nursing Ctr., Inc. v Novello*, 13 AD3d 327, 328 [2004]).

Here, the respondent, James W. Hubert, a Judge of the County Court, Westchester County, contends that the statute of limitations was triggered when, in his capacity as a "[l]icensing officer" (Penal Law § 265.00 [10]), he issued a determination, entered May 18, 2012, revoking the petitioner's pistol license (hereinafter the May 2012 determination). The May 2012 determination met all of the requirements for being final and binding upon the petitioner. The determination reached a definitive position to revoke the petitioner's pistol license, which inflicted an actual, concrete injury upon the petitioner. Moreover, while the respondent, in his discretion, agreed to reconsider the determination, there were no further administrative appeals available to the petitioner. Accordingly, when the petitioner was notified of the May 2012 determination, it became binding upon him and the statute of limitations was triggered.

On June 13, 2012, the petitioner moved before the respondent for leave to reargue. In doing so, the petitioner attached a copy of the May 2012 determination to his motion papers. Thus, the petitioner was notified of the May 2012 determination by

June 13, 2012, at the latest. The petitioner, however, did not commence this proceeding until December 2012, approximately six months later.

Further, the petitioner's request for leave to reargue neither extended nor tolled the statute of limitations (*see Matter of Yarbough v Franco*, 95 NY2d 342, 347 [2000]; *Matter of Lubin v Board of Educ. of City of N.Y.*, 60 NY2d 974, 976 [1983]; *Matter of De Milio v Borghard*, 55 NY2d 216, 220 [1982]; *Matter of Drake v Reuter*, 27 AD3d 736, 737 [2006]; *Matter of Lynn v Town of Clarkstown*, 296 AD2d 411, 411 [2002]), and the respondent's determination entered August 13, 2012, which, upon reargument, adhered to the May 2012 determination, did not serve to revive the limitations period, inasmuch as the respondent reiterated the same reasons for revoking the petitioner's pistol license and did not conduct "a fresh and complete examination of the matter based on newly presented evidence" (*Matter of Quantum Health Resources v DeBuono*, 273 AD2d 730, 732 [2000]; *see Matter of Baloy v Kelly*, 92 AD3d 521, 522 [2012]; *Matter of Finger Lakes Racing Assn., Inc. v State of N.Y. Racing & Wagering Bd.*, 34 AD3d 895, 897 [2006]; *Matter of Delbello v New York City Tr. Auth.*, 151 AD2d 479, 480 [1989]). Therefore, this proceeding is barred by the four-month statute of limitations set forth in CPLR 217 (1). Mastro, J.P., Chambers, Lott and Sgroi, JJ., concur.