*874 In a proceeding pursuant to CPLR article 78 to review a determination of the Appeals Board of the Environmental Control Board of the City of New York dated February 16, 2012, which denied the petitioner’s administrative appeal and affirmed a decision, made after a hearing, finding that the petitioner violated the Administrative Code of the City of New York and imposing a penalty, the Department of Sanitation appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Bayne, J.), dated September 7, 2012, which, in effect, denied its motion pursuant to CPLR 3211 (a) to dismiss the proceeding, and granted the petition to the extent of vacating the penalty and formulating a schedule for the petitioner’s payment of impoundment fees.
Ordered that the order and judgment is reversed, on the law, without costs or disbursements, the motion is granted, and the petition is dismissed as time-barred.
Pursuant to CPLR 217 (1), the petitioner was required to commence this CPLR article 78 proceeding within four months after the challenged determination became final and binding and thereby aggrieved him (see Matter of Yarbough v Franco, 95 NY2d 342, 346 [2000]; Matter of Caslin v Nassau County Civ. Serv. Commn., 104 AD3d 684 [2013]). Here, the determination of the Appeals Board of the Environmental Control Board of the City of New York, affirming the decision of an administrative law judge finding that the petitioner violated the Administrative Code of the City of New York and imposing a penalty, became final and binding more than five months before the petitioner commenced this proceeding pursuant to CPLR article 78. Accordingly, the proceeding is time-barred, and the Supreme Court should have dismissed it on that basis (see Matter of Bashir v Environmental Control Bd., 113 AD3d 763 [2014]; Matter of Magat v County of Rockland, 265 AD2d 483, 483-484 [1999]).
In view of the foregoing, we need not reach the appellant’s remaining contentions. Mastro, J.P, Balkin, Sgroi and LaSalle, JJ., concur.