■ In the Matter of JONI LYNN REILLY, Respondent, v MADALYN FARLEY, Commissioner of the Nassau County Office of Consumer Affairs, et al., Appellants. [990 NYS2d 861]—

In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the Commissioner of the Office of Consumer Affairs of the County of Nassau dated September 17, 2010, denying an application for restitution from the Home Improvement Restitution Fund, Madeline F. Farley (named herein as Madalyn Farley), as Acting Commissioner of the Office of Consumer Affairs of the County of Nassau, the Office of Consumer Affairs of the County of Nassau, and the County of Nassau appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Nassau County (Brown, J.), entered November 15, 2012, as, upon an order of the same court entered March 8, 2012, denying their motion pursuant to CPLR 217 and 7804 (f) to dismiss the petition as time-barred, granted the petition to the extent of vacating the determination denying the application for restitution, granted the application, and directed them to pay restitution in the sum of $60,000 to the petitioner.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the motion pursuant to CPLR 217 and

7804 (f) is granted, the petition is dismissed as time-barred, and the order entered March 8, 2012, is modified accordingly.

Pursuant to CPLR 217 (1), a proceeding pursuant to CPLR article 78 "must be commenced within four months after the determination to be reviewed becomes final and binding upon the petitioner." There are "two requirements for fixing the time when agency action is 'final and binding upon the petitioner.' First, the agency must have reached a definitive position on the issue that inflicts actual, concrete injury and second, the injury inflicted may not be prevented or significantly ameliorated by further administrative action or by steps available to the complaining party" (*Matter of Best Payphones, Inc. v Department of Info. Tech. & Telecom. of City of N.Y.*, 5 NY3d 30, 34 [2005]; *see Matter of Silvestri v Hubert*, 106 AD3d 924, 925 [2013]). Moreover, a determination generally becomes binding when the aggrieved party is notified (*see Matter of Village of Westbury v Department of Transp. of State of N.Y.*, 75 NY2d 62, 72 [1989]; *Matter of Silvestri v Hubert*, 106 AD3d at 925).

Here, the determination of the Commissioner of the Office of Consumer Affairs of the County of Nassau denying the petitioner's application for restitution from the Home Improvement Restitution Fund became final and binding upon the petitioner more than a year before she commenced this proceeding pursuant to CPLR article 78 (*see Matter of Silvestri v Hubert*, 106 AD3d at 925-926). The petitioner's requests for discretionary reconsideration neither extended the statute of limitations nor rendered the otherwise final determination nonfinal (*see Matter of Yarbough v Franco*, 95 NY2d 342, 347 [2000]; *Matter of Lubin v Board of Educ. of City of N.Y.*, 60 NY2d 974, 976 [1983]; *Matter of Silvestri v Hubert*, 106 AD3d at 925; *Matter of Drake v Reuter*, 27 AD3d 736, 737 [2006]; *Matter of Hunt Bros. Contrs. v Glennon*, 214 AD2d 817, 819-820 [1995]).

Accordingly, the proceeding is time-barred, and the Supreme Court should have dismissed it on that basis (*see Matter of Williams v Department of Sanitation*, 116 AD3d 873 [2014]).

In light of the foregoing, we need not reach the petitioner's remaining contention. Skelos, J.P., Austin, Sgroi and LaSalle, JJ., concur.