■ In the Matter of LILIANA SINGH, Individually and on Behalf of All Others Similarly Situated, Respondent, v BOARD OF EDUCATION OF YONKERS SCHOOL DISTRICT, Appellant. [6 NYS3d 599]—In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Education of the Yonkers School District dated August 9, 2012, which denied the petitioner's request for family health insurance benefits, the appeal is from a judgment of the Supreme Court, Westchester County (Cacace, J.), entered July 30, 2013, which granted the petition and directed the Board of Education of the Yonkers School District to enroll the petitioner and her family in the New York State Health Insurance Program.

Ordered that the judgment is reversed, on the law, with costs, the petition is denied, and the proceeding is dismissed.

The petitioner is an employee of the Board of Education of the Yonkers School District (hereinafter the School District). In May 2008, the School District denied the petitioner's request for family health insurance benefits on the ground that she was not eligible for coverage in accordance with her contract. In May 2012, the petitioner submitted another request for family health insurance benefits, which was denied by the School District in August 2012. In November 2012 the petitioner com-

menced this CPLR article 78 proceeding. In its answer, the School District argued that the proceeding was untimely, as the second request for family health insurance benefits did not renew or revive the statute of limitations. Contrary to the Supreme Court's determination, the School District is correct.

Generally, a proceeding pursuant to CPLR article 78 must be commenced within four months after the determination to be reviewed becomes final and binding on the petitioner (*see* CPLR 217 [1]; *Walton v New York State Dept. of Correctional Servs.*, 8 NY3d 186, 194 [2007]; *Matter of Seniors for Safety v New York City Dept. of Transp.*, 101 AD3d 1029, 1031 [2012]). The statute of limitations runs from the initial determination "unless the agency conducts a fresh and complete examination of the matter based on newly presented evidence" (*Matter of Quantum Health Resources v DeBuono*, 273 AD2d 730, 732 [2000]). Here, the August 2012 determination did not serve to revive the limitations period, as the School District adhered to the initial determination without a fresh examination based on newly presented evidence (*see Matter of Silvestri v Hubert*, 106 AD3d 924 [2013]; *Matter of Baloy v Kelly*, 92 AD3d 521 [2012]; *Matter of Custom Topsoil, Inc. v City of Buffalo*, 63 AD3d 1511 [2009]; *Matter of Finger Lakes Racing Assn., Inc. v State of N.Y. Racing & Wagering Bd.*, 34 AD3d 895, 897 [2006]). Accordingly, this proceeding is barred by the four-month statute of limitations set forth in CPLR 217 (1).

In light of our determination, we need not address the parties' remaining contentions. Rivera, J.P., Sgroi, Maltese and LaSalle, JJ., concur.