This opinion is uncorrected and subject to revision before
publication in the New York Reports.
--------------------------------------------------------------

No. 114
In the Matter of Tonawanda Seneca
Nation,
            Appellant,
        v.
Hon. Robert C. Noonan, &c., et
al.,
            Respondents.


            Margaret A. Murphy, for appellant.
            Kate H. Nepveu, for respondent Robert C. Noonan.


GARCIA, J.:

      We are asked on this appeal to determine whether this CPLR

article 78 proceeding was properly commenced in the Appellate

Division.  We hold that because the proceeding was brought

against respondent Judge Robert Noonan in his capacity as a

- 1 -

Surrogate's Court Judge, the proceeding should have been
commenced in Supreme Court.[*]

This case involves a dispute over real and personal property
subject to the terms of a will executed by a now-deceased member
of petitioner Tonawanda Seneca Nation (the "Nation").
Respondent, a County Court and Surrogate's Court Judge for
Genesee County, presided over proceedings seeking to probate the
will in Surrogate's Court.  The Nation commenced an article 78
proceeding in the Appellate Division, seeking to prohibit Judge
Noonan or any future surrogate in the estate proceeding from,
among other things, "exercising jurisdiction over lands within
the Nation's territory."  The Appellate Division dismissed the
petition on jurisdictional grounds, determining that the
proceeding must originate in Supreme Court because Judge Noonan's
position as Surrogate was not one listed in CPLR 506 (b) (1),
which limits article 78 proceedings that may be commenced in the
Appellate Division to those against Supreme Court Justices and
County Court Judges.

The Nation argues that because Judge Noonan also serves as a
County Court Judge, CPLR 506 (b) (1) requires that the proceeding
be commenced in the Appellate Division.  We reject this argument
and hold that the determination of venue for an article 78

---

[*] We reject the arguments that the matter is moot because we
agree with the Nation that "enduring consequences potentially
flow" from Judge Noonan's orders (Bickwid v Deutsch, 87 NY2d 862,
863 [1995]).

proceeding against a multi-bench judge turns on the capacity in which the judge was serving when taking the challenged action. Here, where Judge Noonan was acting as Surrogate with respect to the probate of the will, the Nation's suit challenging those actions should have been brought in Supreme Court (see CPLR 7804 [b]).

The Nation cites to our decision in Matter of B.T. Prods. v Barr in arguing for a contrary result (see 44 NY2d 226 [1978]). That case is consistent with the conclusion we reach here.  In B.T. Prods., petitioners challenged the actions of the respondent County Court Judge sitting as a local criminal court for purposes of issuing a search warrant, and brought the article 78 proceeding in the Appellate Division (id. at 234).  We concluded that the respondent Judge was sitting as a local criminal court by application of CPL 10.10, which authorizes County Court Judges to sit as a local criminal court for "the limited purpose of dealing with preliminary matters in criminal proceedings," and so the challenged conduct occurred as a result of his role as a County Court Judge.  Accordingly, we held that jurisdiction in the Appellate Division was proper because the respondent Judge was "nonetheless still a County Court Judge [and] . . . his power to sit as a local criminal court [was] derived from his position as a County Court Judge and . . . [was] part of his authority as a County Court Judge" (id.).  Here, Judge Noonan's power to sit as a Surrogate is neither derived from his position nor a part of

his authority as a County Court Judge, nor is his power as a Surrogate limited in any respect. Under Judiciary Law § 184 (2), a County Judge "shall be and serve as judge of the surrogate's court," and Judge Noonan was elected as "County Judge and Surrogate." Further, under section 2603 of the Surrogate's Court Procedure Act, "[w]here the county judge is also a judge of the surrogate's court he [or she] shall be designated as such without any addition referring to his office as county judge." Accordingly, Judge Noonan has the full authority of both a Surrogate and a County Court Judge and this proceeding was brought against him based on his role as a Surrogate.

The legislative history of CPLR 506 (b) (1) supports our reading of that statute's application. When County Court Judges were included as officials against whom proceedings must be commenced in the Appellate Division, the sponsor's memorandum expressed concern over having a judge "whose principal judicial duties are civil . . . review the action of a colleague . . . whose principal duties are criminal" (Sponsor's Mem, Bill Jacket, L 1957, ch 979 [1979 New York Legis Ann at 46]). Such a concern was relevant in B.T. Prods., where under such circumstances a County Court Judge's actions in a criminal case otherwise might have been reviewed by those whose principal duties are civil, but is not present with respect to a County Court Judge who may also serve as a Surrogate's Court or Family Court Judge. Nor is there a concern here about having Supreme

Court Justices review the decisions of their peer judges--under this holding, review by the Supreme Court only occurs where the challenged decision is made by a judge not serving in the capacity of a Supreme or County Court Judge.  Moreover, this approach is consistent with the intent to limit proceedings that are commenced in the Appellate Division that is evident from the legislative history (L 1937, ch 526; Third Annual Report of the Judicial Council at 178, 183 [1937]).

Venue for an article 78 proceeding against a multi-bench judge is determined by the capacity in which that judge was serving when the action that is challenged was taken.  Respondent in this case was a Surrogate's Court Judge, acting as such in probating the will at issue, and the proceeding should have been brought in Supreme Court.

Accordingly, the order should be affirmed, with costs.

*   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

Order affirmed, with costs.  Opinion by Judge Garcia.  Chief Judge DiFiore and Judges Pigott, Rivera, Abdus-Salaam and Stein concur.  Judge Fahey took no part.

Decided June 23, 2016