Adjudged that the petition is dismissed, without costs or disbursements.

This Court does not have original subject matter jurisdiction to entertain this proceeding, as no "justice of the supreme court or . . . judge of a county court or the court of general sessions" was named as a respondent (CPLR 506 [b] [1]). Since subject matter jurisdiction cannot be waived, the petition must be dismissed (*see Matter of Tonawanda Seneca Nation v Noonan*, 27 NY3d 713 [2016]; *Matter of Binkley v O'Connor*, 58 AD3d 834 [2009]; *Matter of Webb v Greenberg*, 58 AD3d 637 [2009]; *Matter of Hamilton v Brown*, 54 AD3d 760 [2008]). Dillon, J.P., Balkin, Sgroi and LaSalle, JJ., concur.

■ In the Matter of AUDREY A. THOMAS, on Behalf of CEDRIC MILLER, Petitioner, v JOHN T. HECHT, a Judge of the Criminal Court, Kings County, et al., Respondents. [37 NYS3d 710]— Proceeding pursuant to CPLR article 78 in the nature of

prohibition and mandamus, inter alia, to prohibit the respondent Kenneth P. Thompson, the Kings County District Attorney, from enforcing an order issued by the respondent John T. Hecht, a Judge of the Criminal Court, Kings County, dated May 27, 2016, directing Cedric Miller, among others, to submit to a buccal swab for DNA testing, and to compel the respondent John T. Hecht, a Judge of the Criminal Court, Kings County, to determine the motion of Cedric Miller for a protective order, and application by the petitioner for poor person relief.

Ordered that the application to prosecute this proceeding as a poor person is granted to the extent that the filing fee imposed by CPLR 8022 (b) is waived, and the application is otherwise denied as academic; and it is further,

Adjudged that the petition is dismissed, without costs or disbursements.

This Court does not have original subject matter jurisdiction to entertain this proceeding, as no "justice of the supreme court or . . . judge of a county court or the court of general sessions" was named as a respondent (CPLR 506 [b] [1]). Since subject matter jurisdiction cannot be waived, the petition must be dismissed (*see Matter of Tonawanda Seneca Nation v Noonan*, 27 NY3d 713 [2016]; *Matter of Binkley v O'Connor*, 58 AD3d 834 [2009]; *Matter of Webb v Greenberg*, 58 AD3d 637 [2009]; *Matter of Hamilton v Brown*, 54 AD3d 760 [2008]). Dillon, J.P., Balkin, Sgroi and LaSalle, JJ., concur.