Matter of Thomas v Hecht (2016 NY Slip Op 06088)





Matter of Thomas v Hecht


2016 NY Slip Op 06088


Decided on September 21, 2016


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 21, 2016
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
SANDRA L. SGROI
HECTOR D. LASALLE, JJ.


2016-05984 DECISION, ORDER & JUDGMENT

[*1]In the Matter of Audrey A. Thomas, on behalf of Dawane Freeman, petitioner, 
v
John T. Hecht, etc., et al., respondents.


Audrey A. Thomas, Rosedale, NY, petitioner pro se.
Eric T. Schneiderman, Attorney General, New York, NY (Michelle R. Lambert of counsel), for respondent John T. Hecht.
Kenneth P. Thompson, District Attorney, Brooklyn, NY (Elliot Wertheim of counsel), respondent pro se.



Proceeding pursuant to CPLR article 78 in the nature of prohibition and mandamus, inter alia, to prohibit the respondent Kenneth P. Thompson, the Kings County District Attorney, from enforcing an order issued by the respondent John T. Hecht, a Judge of the Criminal Court, Kings County, dated May 27, 2016, directing Dawane Freeman, among others, to submit to a buccal swab for DNA testing, and to compel the respondent John T. Hecht, a Judge of the Criminal Court, Kings County, to determine the motion of Dawane Freeman for a protective order, and application by the petitioner for poor person relief.
ORDERED that the application to prosecute this proceeding as a poor person is granted to the extent that the filing fee imposed by CPLR 8022(b) is waived, and the application is otherwise denied as academic; and it is further,
ADJUDGED that the petition is dismissed, without costs or disbursements.
This Court does not have original subject matter jurisdiction to entertain this proceeding, as no "justice of the supreme court or . . . judge of a county court or the court of general sessions" was named as a respondent (CPLR 506[b][1]). Since subject matter jurisdiction cannot be waived, the petition must be dismissed (see Matter of Tonawanda Seneca Nation v Noonan, 27 NY3d 713; Matter of Binkley v O'Connor, 58 AD3d 834; Matter of Webb v Greenberg, 58 AD3d 637; Matter of Hamilton v Brown, 54 AD3d 760).
DILLON, J.P., BALKIN, SGROI and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court