■ St. John's Riverside Hospital, by UtiliSave, LLC, Appellant, v City of Yonkers, Respondent. [58 NYS3d 51]—

In an action, in effect, to review a determination of the City of Yonkers dated September 20, 2013, rejecting the request of St. John's Riverside Hospital for an adjustment of its water bills for services rendered prior to December 30, 2010, St. Johns's Riverside Hospital, by and through UtiliSave, LLC, appeals from an order of the Supreme Court, Westchester County (Lefkowitz, J.), dated January 7, 2016, which granted the motion of the City of Yonkers for summary judgment dismissing the complaint as time-barred.

Ordered that the order is affirmed, with costs.

In 2011, St. John's Riverside Hospital (hereinafter the hospital), retained UtiliSave, LLC (hereinafter UtiliSave), to audit water bills issued by the City of Yonkers to the hospital. As a result of the audit, the hospital discovered that the City had overestimated the hospital's water usage at one of its facilities and billed the hospital in excess of its actual water consumption.

In July 2012, UtiliSave, on behalf of the hospital, presented a claim to the City for review of the hospital's water bills. In November 2012, after inspecting the water meters, the City issued a credit to the hospital's account. In February and May 2013, UtiliSave wrote to the City requesting a further review and adjustment for the maximum time period allowed for review. The City adjusted the hospital's account for the period of December 30, 2010, through November 13, 2012.

On August 8, 2013, UtiliSave submitted a Freedom of Information Law (Public Officers Law art 6; hereinafter FOIL) request to the City asking for documentation relating to back-billing limits for adjustments. UtiliSave wrote that given that the hospital had been overbilled since at least March 2007, the period of review should be greater than the two-year time period used to adjust the hospital's account.

By letter dated September 20, 2013, the City, through its law department, advised UtiliSave that the City rejected the hospital's request for an adjustment of its water bills for services rendered prior to December 30, 2010. In October 2013, UtiliSave sent a letter to the City as a follow up to its FOIL request, noting that the City's counsel did not provide any documents responsive to its request with the September 20, 2013, letter. UtiliSave then sent a second letter to the City's law department asking for a final appeal of the September 20, 2013, determination.

On November 1, 2013, the City issued a refund check to the hospital in the amount of $322,693.15 for overbilling related to the time period of December 30, 2010, through November 13,

2012. By letter dated November 7, 2013, the City, through its law department, responded that the City was not in possession of any documents responsive to UtiliSave's FOIL request and informed UtiliSave that there was no process for an appeal of the September 20, 2013, determination. Further, counsel stated that the claim had been settled.

Thereafter, by letter dated May 14, 2014, UtiliSave wrote to the City's Corporation Counsel asking for documentation responsive to its FOIL request or to consider its correspondence as a final appeal of the September 2013 determination. In a letter dated June 12, 2014, the City, through counsel, stated that, as UtiliSave had previously been advised, the City considered the matter fully settled and closed.

By summons with notice dated October 10, 2014, the hospital, "by and through UtiliSave, LLC" commenced this action, in effect, to challenge the City's determination restricting the time period for which it would review and adjust the hospital's water bills due to overbilling.

The City moved for summary judgment dismissing the complaint as time-barred, arguing that, although the hospital classified its causes of action as seeking damages for breach of contract, the hospital was actually seeking relief in the nature of a CPLR article 78 proceeding. As a result, the City argued that the applicable four-month statute of limitations had run prior to the commencement of the action since the limitations period was triggered by its September 20, 2013, determination rejecting the hospital's request for an adjustment of its water bills for service rendered prior to December 30, 2010.

In opposition, the hospital conceded that the four-month statute of limitations was applicable but argued that the City's June 12, 2014, letter was the final determination related to this matter such that its commencement of this action on October 10, 2014, was timely. The Supreme Court granted the City's motion.

Although this matter was commenced as an action, it should have been commenced as a proceeding pursuant to CPLR article 78 (*see Yonkers Racing Corp. v City of Yonkers*, 301 AD2d 592, 592 [2003]). A CPLR article 78 proceeding to review an agency determination must be brought "within four months after the determination to be reviewed becomes final and binding upon the petitioner" (CPLR 217 [1]; *see Walton v New York State Dept. of Correctional Servs.*, 8 NY3d 186, 194 [2007]; *Matter of Better World Real Estate Group v New York City Dept. of Fin.*, 122 AD3d 27, 39 [2014]). In order for an agency determination to be deemed final and binding, "[f]irst, the agency

must have reached a definitive position on the issue that inflicts actual, concrete injury and second, the injury inflicted may not be prevented or significantly ameliorated by further administrative action or by steps available to the complaining party" (*Matter of Best Payphones, Inc. v Department of Info. Tech. & Telecom. of City of N.Y.*, 5 NY3d 30, 34 [2005]; *see Matter of Better World Real Estate Group v New York City Dept. of Fin.*, 122 AD3d at 39; *Matter of Reilly v Farley*, 120 AD3d 693, 694 [2014]; *Matter of Olivares v Rhea*, 119 AD3d 866 [2014]).

Here, the City established that, although the hospital, through UtiliSave, was notified by letter dated September 20, 2013, of its determination rejecting the hospital's request for an adjustment of its water bills for services rendered prior to December 30, 2010, the hospital failed to commence this proceeding until October 10, 2014, thereby rendering this proceeding time-barred under the four-month statute of limitations applicable for CPLR article 78 proceedings (*see* CPLR 217 [1]). Consequently, the City established its prima facie entitlement to judgment as a matter of law dismissing the petition as time-barred (*see Miyahara v Majsak*, 117 AD3d 812, 813 [2014]; *Dormer v Suffolk County Police Benevolent Assn., Inc.*, 95 AD3d 1166, 1168-1169 [2012]).

In opposition, the hospital failed to raise a triable issue of fact (*see Dormer v Suffolk County Police Benevolent Assn., Inc.*, 95 AD3d at 1169). The City's issuance of a check to the hospital related to reimbursement, although subsequent to its September 20, 2013, determination, was in accordance with its determination that it would only reimburse the hospital for overbilling relating to services provided after December 30, 2010. Further, the City's June 2014 correspondence merely reiterated its earlier position set forth in the September 20, 2013, letter and did not serve as a basis to extend the statute of limitations or render the September 20, 2013, determination nonfinal (*see Matter of Reilly v Farley*, 120 AD3d at 694; *Matter of Silvestri v Hubert*, 106 AD3d 924, 925 [2013]; *see also Matter of Singh v Board of Educ. of Yonkers Sch. Dist.*, 127 AD3d 874, 875 [2015]).

The hospital's remaining contention is without merit.

Accordingly, the Supreme Court properly granted the City's motion for summary judgment dismissing, in effect, the petition as time-barred. Mastro, J.P., Leventhal, Austin and Roman, JJ., concur.