Matter of Seiler v Crandall (2020 NY Slip Op 06603)





Matter of Seiler v Crandall


2020 NY Slip Op 06603


Decided on November 13, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, NEMOYER, TROUTMAN, AND BANNISTER, JJ.


620 OP 19-02250

[*1]IN THE MATTER OF BRIAN SEILER, PETITIONER,
H
v
ON. JOHN H. CRANDALL, AS ACTING HERKIMER COUNTY COURT JUDGE, LETITIA JAMES, NEW YORK STATE ATTORNEY GENERAL, JEFFREY S. CARPENTER, AS HERKIMER COUNTY DISTRICT ATTORNEY AND SCHUYLER TOWN COURT, RESPONDENTS. 






THE LAW OFFICES OF ZEV GOLDSTEIN, PLLC, MONSEY (ZEV GOLDSTEIN OF COUNSEL), FOR PETITIONER. 
LORRAINE H. LEWANDROWSKI, COUNTY ATTORNEY, HERKIMER, FOR RESPONDENT JEFFREY S. CARPENTER, AS HERKIMER COUNTY DISTRICT ATTORNEY.


 Proceeding pursuant to CPLR article 78 (initiated in the Appellate Division of the Supreme Court in the Fourth Judicial Department pursuant to CPLR 506 [b] [1]) to compel respondent Hon. John H. Crandall, Acting Herkimer County Court Judge, to reconsider his denial of petitioner's request for leave to appeal from the denial of his coram nobis application by Schuyler Town Court. 
It is hereby ORDERED that said petition is unanimously dismissed without costs.
Memorandum: In this original CPLR article 78 proceeding, petitioner seeks to compel Herkimer County Court to reconsider its denial of petitioner's request for leave to appeal from the denial of his coram nobis application by Schuyler Town Court. We conclude that the petition must be dismissed.
The parties agree that in 1996 petitioner pleaded guilty in Town Court to a charge of speeding (Vehicle and Traffic Law § 1180 [d]), and that his driver's license was thereafter assessed with four points. Petitioner contends that, at an undisclosed later date, his driver's license was revoked and, pursuant to 15 NYCRR 136.5 (b) (2), the Commissioner of Motor Vehicles denied his application for relicensing. Insofar as relevant here, that regulation mandates that an application for relicensing be denied where the applicant has been convicted of three or four alcohol-related driving convictions and accumulated "20 or more points from any violations" (15 NYCRR 136.5 [a] [2] [iv]) during a 25-year look-back period. After that denial, petitioner moved in Town Court for a writ of error coram nobis that would permit him to withdraw his guilty plea to the 1996 speeding infraction. Town Court denied coram nobis relief, and then petitioner moved for leave to appeal to County Court, which declined to grant leave in a letter order issued July 9, 2019. Petitioner now seeks a judgment pursuant to CPLR article 78 directing County Court to reconsider its denial of petitioner's motion for leave to appeal.
Initially, we note that this proceeding seeks relief concerning a County Court Judge, among others, and thus it was properly commenced in this Court (see CPLR 506 [b] [1]; cf. Matter of Tonawanda Seneca Nation v Noonan, 27 NY3d 713, 715 [2016], affg 122 AD3d 1334 [4th Dept 2014]).
It is well settled that "[t]he extraordinary remedy either of prohibition or mandamus lies only where there is a clear legal right, and in the case of prohibition only when a court . . . acts or [*2]threatens to act without jurisdiction in a matter of over which it has no power over the subject matter or where it exceeds its authorized powers in a proceeding over which it has jurisdiction" (Matter of State of New York v King, 36 NY2d 59, 62 [1975]; see Matter of Morgenthau v Erlbaum, 59 NY2d 143, 147 [1983], cert denied 464 US 993 [1983]). Furthermore, a "court cannot be said to be acting without power merely because it issues an arguably erroneous ruling in a case that is otherwise properly before it . . . Prohibition, therefore, may be used for collateral review of an error of law 'only where the very jurisdiction and power of the court are in issue' " (Morgenthau, 59 NY2d at 149-150; see generally Matter of O'Neill v Beisheim, 39 NY2d 924, 925 [1976]). Because petitioner does not allege that County Court lacks the power to review the issue and, indeed, he seeks to compel the exercise of that power, prohibition does not lie. In addition, prohibition does not lie where there is "an adequate 'ordinary' remedy," i.e., a direct appeal (Morgenthau, 59 NY2d at 147; see Matter of Coffee v Argento, 169 AD3d 1354, 1355 [4th Dept 2019]; Matter of Dale v Burns, 103 AD3d 1243, 1244-1245 [4th Dept 2013], appeal dismissed 21 NY3d 968 [2013]). Here, the petition seeks to expand the statutory scheme for appeals in criminal matters by, in effect, asking this Court to grant further review of an appeal in a manner inconsistent with the statutory scheme. Because "[t]he right of review by appeal in criminal matters . . . is determined exclusively by statute" (King, 36 NY2d at 63), and any further appeal of the denial of his coram nobis petition would occur, if at all, in the Court of Appeals (see CPL 450.90), we have no power to effectively grant further appellate review of his coram nobis application.
Furthermore, petitioner commenced this CPLR article 78 proceeding by verified petition filed in this Court on December 9, 2019. Consequently, even assuming, arguendo, that petitioner's application is properly before this Court, the petition must be dismissed as untimely under the applicable four-month statute of limitations (see CPLR 217 [1]; Walton v New York State Dept. of Correctional Servs., 8 NY3d 186, 195 [2007]; Matter of Holtzman v Marrus, 74 NY2d 865, 866 [1989]). Finally, "petitioner's request for leave to reargue neither extended nor tolled the statute of limitations" (Matter of Silvestri v Hubert, 106 AD3d 924, 926 [2d Dept 2013]; see Matter of Yarbough v Franco, 95 NY2d 342, 347 [2000]; Matter of Lubin v Board of Educ. of City of N.Y., 60 NY2d 974, 976 [1983], rearg denied 61 NY2d 905, 62 NY2d 803 [1984], cert denied 469 US 823 [1984]).
Entered: November 13, 2020
Mark W. Bennett
Clerk of the Court