Matter of Murphy v Menken (2023 NY Slip Op 00091)

Matter of Murphy v Menken

2023 NY Slip Op 00091

Decided on January 11, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 11, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
FRANCESCA E. CONNOLLY
PAUL WOOTEN
JANICE A. TAYLOR, JJ.

2020-02079
 (Index No. 59030/19)

[*1]In the Matter of Patrick G. Murphy, appellant,
v
David A. Menken, etc., respondent.

Zev Goldstein, New City, NY, for appellant.
Keane & Beane, P.C., White Plains, NY (Eric L. Gordon and Amanda Magana of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 in the nature of mandamus to compel the respondent, David A. Menken, a Justice of the Town of Bedford Justice Court, in effect, to vacate an order of the same court dated March 15, 2019, which, in effect, upon renewal, adhered to a prior determination in an order of the same court dated January 15, 2019, denying the petitioner's motion for a writ of error coram nobis, and to render a new determination of that motion, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Westchester County (David S. Zuckerman, J.), entered January 28, 2020. The order and judgment granted the respondent's motion to dismiss the petition and, in effect, denied the petition and dismissed the proceeding.
ORDERED that the order and judgment is affirmed, with costs.
In December 2018, the appellant, Patrick G. Murphy, moved in the Town of Bedford Justice Court for a writ of error coram nobis to vacate his conviction, upon a plea of guilty entered on October 26, 2007, of speeding in violation of Vehicle and Traffic Law § 1180-d, and to expunge from the records of the court and the Department of Motor Vehicles his conviction and the associated six points on his driver license (see 15 NYCRR 131.3[b][3], 136.5[a][2]). By order dated January 15, 2019, the court denied the motion. In response to a subsequent written request by the appellant, the court issued a letter dated January 25, 2019, providing the legal standard used to evaluate the appellant's submissions. Thereafter, the appellant requested that the court "reconsider or consider anew" his coram nobis motion and submitted an abstract of lifetime driving record dated December 31, 2018. The People opposed the appellant's request, which they described as a "'[m]otion', in letter form." By letter order dated March 15, 2019, the court found, as it had previously, that there was "insufficient reason to disturb" the judgment of conviction, and denied the appellant's request. After the Appellate Term of the Supreme Court for the 9th and 10th Judicial Districts denied the appellant's application for a certificate granting leave to appeal, the appellant commenced the instant CPLR article 78 proceeding to compel the respondent, the Justice who presided over the court's proceedings, in effect, to vacate the letter order dated March 15, 2019, and to render a new determination of the appellant's coram nobis motion. Prior to answering, the respondent moved to dismiss the petition. The appellant opposed the motion. In an order and judgment entered January 28, 2020, the Supreme Court granted the respondent's motion and, in effect, denied the petition and dismissed the proceeding. This appeal ensued.
Preliminarily, to the extent the Supreme Court decided the matter based upon the statute of limitations as it applied to the order dated January 15, 2019, and the correspondence dated January 25, 2019, this was error. The court was limited to the issues or defenses that were the subject of the motion before it (see Baron v Brown, 101 AD3d 915), and the respondent never raised in his motion the issue of the statute of limitations (see id. at 915). Further, the appellant's letter application dated February 7, 2019, asking the court to "reconsider or consider anew" his coram nobis motion was based on "newly presented evidence" (Matter of Silvestri v Hubert, 106 AD3d 924, 926 [internal quotation marks omitted]). Thus, as the court acknowledged, to the extent the proceeding is directed at the resulting letter order dated March 15, 2019, which, in effect, upon renewal, adhered to the original determination (see CPLR 2221[e]), the petition was timely (see id. § 217[1]).
Nevertheless, contrary to the appellant's contention, the Supreme Court correctly granted the respondent's motion to dismiss the petition. A CPLR article 78 proceeding is generally not available for criminal matters (see CPLR 7801[2]; Matter of Hennessy v Gorman, 58 NY2d 806, 807; Matter of Silvestri v Hubert, 106 AD3d at 926), and "cannot be used as a means of seeking collateral review of an error of law alleged to have occurred in a criminal proceeding" (Matter of Minott v Leavitt, 247 AD2d 390, 391). Furthermore, the appellant makes no claim that the respondent exceeded his authorized powers (see Matter of Seiler v Crandall, 188 AD3d 1614, 1615), nor has the appellant shown a clear legal right to the relief sought (see Matter of Sudbrink v Garguilo, 196 AD3d 695, 696; Matter of Word v Zambelli, 58 AD3d 745).
DUFFY, J.P., CONNOLLY, WOOTEN and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court