Matter of Dipino v Board of Fire Commrs. for the Dix Hills Fire Dept. (2024 NY Slip Op 51528(U))

[*1]

Matter of Dipino v Board of Fire Commrs. for the Dix Hills Fire Dept.

2024 NY Slip Op 51528(U)

Decided on November 13, 2024

Supreme Court, Suffolk County

Modelewski, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 13, 2024
Supreme Court, Suffolk County

In the Matter of the Application of Scott Dipino, Petitioner/Plaintiff, 
 For a judgment pursuant to Article 78 of the New York Civil Practice Law and Rules and other plenary relief,

against
The Board of Fire Commissioners for the Dix Hills Fire Department, MICHAEL PLUMITALLO, TODD COHEN, ALAN BERKOWITZ, STEVE WEISBROT, DAVID WINTHROP, THE ELECTION COMMITTEE OF THE DIX HILLS FIRE DEPARTMENT and THE BY-LAW COMMITTEE OF THE DIX HILLS FIRE DEPARTMENT, Respondents/Defendants.

Index No. 608976/2024

LAW OFFICES OF
DAVID A. ANTWORK, P.C
Attorneys for Petitioner/Plaintiff
1757 Merrick Avenue, Suite 207
Merrick, New York 11566
FORD HARRISON LLP
Attorneys for Respondents
366 Madison Avenue, 7th Floor New York, New York 10017

Christopher Modelewski, J.

Upon the E-file document list numbered 1 to 15, 19 to 24, 26, 29 to 32, 35 to 45, and 47, read and considered on the Article 78 Petition and motion brought by petitioner/plaintiff seeking an order vacating, annulling and setting aside the determination of respondents/defendants that petitioner/plaintiff was ineligible to appear on the December 7, 2023 ballot for an election for assistant chief of the Dix Hills fire department and on the motion by respondents/defendants to dismiss the Article 78 petition as time-barred; it is
ORDERED that the motion by respondents/defendants to dismiss the Article 78 petition as time-barred is granted, for the reasons set forth herein.
This is a hybrid proceeding brought by summons, complaint, notice of petition and verified petition on April 9, 2024. The petition before the Court seeks relief under Article 78 of the CPLR to vacate and annul the determination made by respondents/defendants ("respondents") that petitioner/plaintiff ("petitioner") was ineligible to appear on the December 7, 2023 ballot for re-election to the position of first assistant chief of the Dix Hills fire department (the "election ballot"). Petitioner also asserts a claim in the complaint for declaratory relief against respondents, which will not be addressed herein, as no party has moved with respect thereto. Respondents filed an answer to the petition and complaint and also move to dismiss the petition.[FN1]
In support of their motion to dismiss, respondents submit, inter alia, the affidavit of Todd Cohen, one of the five commissioners on the respondent board of fire commissioners for the Dix Hills fire department and the affidavit of William Stio, a member of the Dix Hills fire department and former chairperson of the respondent by-law committee of the Dix Hills fire department. Respondents argue that this Article 78 petition should be dismissed, as petitioner was excluded from the election ballot by the respondent Dix Hills fire department election committee on November 16, 2023, and furthermore, that petitioner acknowledges he was advised of his ineligibility to appear on the election ballot on or about November 21, 2023. As such, respondents contend that this petition is time-barred, as it was commenced more than four months later (see CPLR 217 [1]). Respondents also assert that there is no administrative appeal process in the by-laws governing its determination regarding plaintiff's ineligibility to appear on the election ballot. In opposition, petitioner argues that he exhausted his "administrative remedies" and that a final determination was made by respondents on December 13, 2023 regarding their decision. Petitioner argues that this Article 78 was timely, as it was commenced within four months of the alleged December 13, 2023 final determination.
A CPLR Article 78 proceeding to review an agency determination must be brought within "four months after the determination to be reviewed becomes final and binding upon the [*2]petitioner" (CPLR 217 [1]). For an agency determination to be considered final and binding "[f]irst, the agency must have reached a definitive position on the issue that inflicts actual, concrete injury and second, the injury inflicted may not be prevented or significantly ameliorated by further administrative action or by steps available to the complaining party" (Matter of Best Payphones, Inc. v Department of Info. Tech. & Telecom. of City of NY,5 NY3d 30, 34, 799 NYS2d 182 [2005]; St. John's Riverside Hosp. v City of Yonkers, 151 AD3d 786, 58 NYS3d 51 [2d Dept 2017]). An agency decision "generally becomes binding when the aggrieved party is notified" (Matter of Village of Westbury v Department of Transp. of State of NY, 75 NY2d 62, 73, 550 NYS2d 604 [1989]) and "the burden rests on the party seeking to assert the statute of limitations as a defense to establish that the petitioner was provided notice of the determination more than four months before the proceeding was commenced" (Matter of Silvestri v Hubert, 106 AD3d 924, 925, 965 NYS2d 185 [2d Dept 2013]).
Here, there is no provision in the by-laws of the Dix Hills fire department providing for an administrative appeal from the determination to declare petitioner ineligible to appear on the election ballot. Petitioner argues that a member who is disciplined has a right to appeal to the board of fire commissioners under Article XIII, Section 9. There is no dispute that petitioner was denied a place on the election ballot because the respondent Dix Hills fire department election committee determined that petitioner was not a member in good standing due to a disciplinary suspension. According to the petition, that disciplinary suspension occurred on March 7, 2023, pending a hearing on four charges brought against him. The hearing was held on September 20, 2023, and by decision dated November 20, 2023, the hearing officer determined that there was sufficient evidence to sustain one of the four disciplinary charges made against petitioner. Petitioner does not allege that he filed a notice of appeal under Article VII, Section 9 of the hearing officer's determination [FN2]
and there is no mechanism for petitioner to appeal the subsequent decision of the respondent Dix Hills fire department election committee that because of his suspension he was not a member in good standing and thus, he was ineligible to appear on the election ballot. Petitioner also is challenging the respondents' interpretation of this by-law provision that deemed him a member who was not in good standing due to his suspension.[FN3]
There is no administrative appeal process in the by-laws to challenge either the respondents' application of its bylaws or the decision rendered as a result thereof. Petitioner had remedies [*3]available to him resulting from the disciplinary charge and suspension and there is no allegation in the petition that he exhausted those remedies. Petitioner cannot now claim that he is entitled to another chance to exhaust those administrative remedies pertaining to the sustained disciplinary charge by applying them to the respondents' decision to find that he was not a member in good standing and thereby excluded from the election ballot.[FN4]
Indeed, petitioner fails to cite to any section of the by-laws regarding an administrative process in his emails communications to respondents dated November 22, 2023, November 24, 2023, and November 30, 2023.
Petitioner further argues that Article IV, Section 3 of the by-laws extends the accrual date of his Article 78 proceeding to December 13, 2023. In this regard, petitioner argues that after the election was held on December 7, 2023, that the names of the elected chief and assistant chiefs are submitted to the board of fire commissioners for their approval and that this approval date was purportedly December 13, 2023 or extended to that date. However, petitioner was not one of the individuals who was elected or nominated chief or assistant chief because he was not on the election ballot nor did he garner enough write-in votes on December 7, 2023 to be considered an elected officer. Thus, Article IV, Section 3 does not apply to petitioner. Moreover, Article IV, Section 3 does not provide petitioner with a mechanism to appeal the decision of respondent Dix Hills fire department election committee to exclude him from the ballot (see Town Law §176 [11-a])[FN5]
. Notwithstanding, the facts supporting petitioner's arguments in this regard are made by petitioner's counsel and are inadmissible in the absence of an affidavit or affirmation of petitioner (see Sabharwal v Hundai Mrin & Fire Ins. Co., Ltd.,216 AD3d 1015, 1017, 189 NYS3d 660, 664 [2d Dept 2023]). 
As there is no appeal process available to petitioner under either Article IV, Section 3 or Article XIII, Section 9 of the by-laws to challenge either the respondents' decision to exclude him from the election ballot or respondents' interpretation of the by-laws that led to its decision, the Court must determine when the decision finding petitioner ineligible to be on the election ballot was deemed final for statute of limitations purposes. Petitioner acknowledges in his petition, and in his earliest writing to respondents on November 22, 2023, that he "was notified today" that he would "not appear on the ballot...for Asst. Chief due to [his] deficiency in points" during his suspension. According to respondents, petitioner was excluded from the ballot on November 16, 2023 by the respondent Dix Hills fire department election committee and that petitioner was advised of this decision on or before November 21, 2023. Respondents urge that the accrual date [*4]for this Article 78 petition was November 16, 2023, that being the date the respondent election committee of the DHFD excluded petitioner from the ballot for the first assistant chief position and that this was a definitive decision causing a concrete injury because the by-laws do not afford petitioner an administrative appeal process with respect to this decision to exclude him from the election ballot.
The only writings regarding the decision declaring petitioner ineligible to be on the election ballot are petitioner's written acknowledgments on November 22, 2023 and November 24, 2023, wherein he emailed respondents regarding their decision to exclude him from the election ballot. Thus, the earliest date that petitioner had knowledge and notice of respondents' unappealable decision to exclude him from the election ballot was November 22, 2023, and the latest date was December 7, 2023, when he was not elected an officer due to respondents' decision to exclude him from the election ballot, and to the extent that there was a possibility that petitioner could have been elected on that date through member write-in ballots. The petition was filed more than four months later on April 9, 2024, and thus, it is time-barred (see Matter of Best Payphones, Inc. v Department of Info. Tech. & Telecom. of City of NY,5 NY3d 30, 34, 799 NYS2d 182 [2005]; St. John's Riverside Hosp. v City of Yonkers, 151 AD3d 786, 58 NYS3d 51 [2d Dept 2017]; Matter of Singh v Board of Educ. of Yonkers Sch. Dist.,127 AD3d 874, 6 NYS3d 599 [2d Dept 2015]; Matter of Silvestri v Hubert, 106 AD3d 924, 965 NYS2d 185 [2d Dept 2013]).
Accordingly, the respondents' motion to dismiss the Article 78 petition as time-barred is granted. 
The foregoing constitutes the decision and Order of the Court.
Dated: November 13, 2024
HON. CHRISTOPHER MODELEWSKI, J.S.C.

Footnotes

Footnote 1:The filing of both an answer to the petition and a motion to dismiss the petition in an Article 78 proceeding is procedurally improper (see CPLR 7804 [f]). However, inasmuch as this is a hybrid proceeding, the respondents are deemed to have answered the plaintiff's claim for declaratory relief. Respondents also seek to dismiss the Article 78 petition pursuant to CPLR 3211 (7) on the ground that it fails to state a claim. However, this request for relief is improperly made by motion in an Article 78 proceeding, as it addresses the merits of the petition, the process for which is found in CPLR 7804 [d], [e], and [f].

Footnote 2:There are no allegations that petitioner filed a "notice of appeal" and that it was sent by certified mail, return receipt requested to the fire district secretary as provided for under Article XIII, Section 9.

Footnote 3:As the petition alleges, because petitioner was suspended from March 7, 2023 to November 20, 2023, he was unable to make his "points" under the DHFD "point system" under the by-laws to be considered a member in good standing. Petitioner alleges that he was required to maintain a minimum of seven points per month and that due to his deficiency in points during his suspension, he was not a member in good standing. There is no provision in the by-laws that provides a member with an administrative process to challenge this point system or the respondents' interpretation of its point system as to when a member is deemed to be or not to be in good standing. 

Footnote 4:The petition alleges that although petitioner was nominated to appear on the ballot to be re-elected as first assistant chief, petitioner was advised that, notwithstanding his nomination, he was ineligible to appear on the election ballot due to his deficiency in points.

Footnote 5:This section of the Town Law provides a three-step process for the selection and approval of fire department officers, nomination by fire department members and approval or rejection by the board of commissioners of each elected nominee. The by-laws of respondent are consistent with section 176 of the Town Law. There is no provision in this section of the Town Law or the by-laws that permits the board to consider a nominee prior to his or her election by the members of the fire department.