■ ALICE CLISSURAS, Appellant, v CITY OF NEW YORK et al., Respondents.—In an action, *inter alia,* for an accounting of pension payments and to recover damages for breach of contract, the plaintiff appeals from (1) an order and judgment (one paper) of the Supreme Court, Kings County (Shaw, J.), dated December 18, 1985, which, upon their motions, dismissed the complaint insofar as it is asserted against the defendants City of New York, Teachers' Retirement Board of the City of New York, Teachers' Retirement System of the City of New York and the Department of Insurance of the State of New York, (2) an order of the same court (Bernstein, J.), dated December 24, 1985, which, upon his motion, dismissed the complaint insofar as it is asserted against the defendant Lewis Rosenberg, and (3) an order of the same court (Hurowitz, J.), dated February 14, 1986, which, upon their motion, dismissed the complaint insofar as it is asserted

against the defendants Board of Higher Education of the City of New York, City University of New York, New York City Technical College, and Professional Staff Congress/CUNY.

Ordered that the order and judgment and the orders are affirmed, without costs or disbursements.

The plaintiff's claims against the public agency defendants, while not brought in the form of a proceeding pursuant to CPLR article 78, are governed by the four-month Statute of Limitations in CPLR 217 (see, Press v County of Monroe, 50 NY2d 695; Solnick v Whalen, 49 NY2d 224). Although the plaintiff has characterized her causes of action as involving fraud, conspiracy, breach of contract, breach of fiduciary duty and negligence, the crux of her complaint is that she believes the defendants have improperly calculated her pension benefits. The plaintiff retired in 1982 and the determination as to the amount of her pension was approved by the defendant Teachers' Retirement Board of the City of New York on January 20, 1983. This action, commenced more than two years later, is thus time barred as to the public agency defendants.

The claims against the defendant union, the Professional Staff Congress/CUNY, were also properly dismissed. The plaintiff's various allegations of wrongdoing by the union are in essence a claim for breach of the duty of fair representation. The evidence in the record shows that the union's staff met with the plaintiff to attempt to resolve issues concerning her pension benefits and at one point arranged for representation by an outside attorney before concluding that her claims were without merit. While the plaintiff disagrees with the union's judgment as to the validity of her pension claims, she has not shown that the union's conduct was arbitrary, discriminatory or in bad faith (see, Matter of Civil Serv. Bar Assn. v City of New York, 64 NY2d 188; Symanski v East Ramapo Cent. School Dist., 117 AD2d 18).

We agree with the determination that the plaintiff's complaint fails to state a cause of action against the defendant Rosenberg, an attorney to whom the plaintiff was referred by the union in February 1983 for assistance in bringing a lawsuit against the defendant Teachers' Retirement Board of the City of New York. The plaintiff failed to allege facts sufficient to show that Rosenberg did not exercise "that degree of skill commonly exercised by an ordinary member of the legal community, resulting in damages to the client" (Saveca v Reilly, 111 AD2d 493, 494). Rosenberg withdrew as the plain-

tiff's attorney after arranging for her consultation with an actuary regarding her claim and after advising her of the four-month Statute of Limitations. Any damages caused by the plaintiff's failure to timely bring this action were not attributable to his conduct.

Finally, we have reviewed the remaining contentions of the plaintiff and find them to be without merit. Bracken, J. P., Lawrence, Kunzeman and Spatt, JJ., concur.