■ ELEANOR R. CHARWAT et al., Plaintiffs, v BESS C. KUSTAS, Defendant and Third-Party Plaintiff, et al., Defendant. LOU GALANOS et al., Fourth-Party Plaintiffs-Appellants; CITY OF POUGHKEEPSIE, Fourth-Party Defendant-Respondent. [649 NYS2d 173] —In an action, *inter alia,* to recover damages for the wrongful taking of the subject property, the fourth-party plaintiffs appeal from an order of the Supreme Court, Dutchess County (Beisner, J.), entered March 27, 1995, which, upon reargument, dismissed the fourth-party complaint as barred by the Statute of Limitations.

Ordered that the order is affirmed, with costs.

The appellants were the owners of a certain property known as 360 Main Mall in Poughkeepsie that was subject to a tax lien for nonpayment of taxes for the tax year 1990. The appellants alleged that the City of Poughkeepsie (hereinafter the City) denied their request to have their 1992 tax payments apply toward their outstanding 1990 taxes. As a result of the City's alleged misapplication of tax payments, a tax deed was issued on the subject property in early 1993 and the subject property was subsequently obtained by the City without notice to the appellants or the mortgage holders. In August 1993 the appellants requested a reconveyance of the property. Their request was denied. The appellants alleged that the City's decision was "discriminatory, arbitrary [and] capricious" because it was made in retaliation against one of the appellants who had publicly criticized the Mayor and other officials. Because of the City's alleged inappropriate actions, the appellants brought the instant action to recover the market value of the property as of January 1993, to annul the tax deed, and for damages pursuant to 42 USC §§ 1983 and 1988.

The appropriate vehicle to review allegations sounding in improper administrative determinations and actions by the City is a CPLR article 78 proceeding (*see,* CPLR 7803; *Solnick v*

*Whalen,* 49 NY2d 224, 231). Accordingly, this action is subject to a four-month Statute of Limitations (*see,* CPLR 217; *Press v County of Monroe,* 50 NY2d 695, 703). Since the instant action, which concerns actions and determinations that occurred in 1992 and 1993, was not brought until April 1994, the Statute of Limitations has expired.

The appellants' remaining contentions are without merit. Joy, J. P., Altman, Friedmann and Krausman, JJ., concur.