■ DONALD LEON, Appellant, v NEW YORK CITY EMPLOYEES' RETIREMENT SYSTEM et al., Respondents. [658 NYS2d 283] —Order, Supreme Court, New York County (Leland DeGrasse, J.), entered on or about November 6, 1995, which granted defendants' motions for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff's five causes of action against defendant New York City Employees' Retirement System (NYCERS) all challenge that agency's administrative determination to reject his application for accident disability retirement benefits. That plaintiff stated his challenge to such determination in terms of a breach of contract or fiduciary duty did not serve to render a CPLR article 78 proceeding, the customary vehicle for review of administrative determinations, inappropriate. Accordingly, plaintiff's claims against NYCERS were properly dismissed as barred by the four-month Statute of Limitations of CPLR 217 (1) (*Solnick v Whalen*, 49 NY2d 224; *Clissuras v City of New York*, 131 AD2d 717, 718, *appeal dismissed* 70 NY2d 795, *cert denied* 484 US 1053). Concerning plaintiff's claims against defendant Housing Authority, which allege breach of contract based upon its claimed negligent misplacing of his pension membership application, plaintiff's civil service employment and his pension rights, if any, are governed by statute, not contract, and, in fact, no contract exists between plaintiff and the Housing Authority that required the Housing Authority to file plaintiff's pension membership application with NYCERS. Thus, there can be no cause of action for breach of contract. Even assuming there is such a contract, dismissal would nevertheless be mandated because of plaintiff's failure to comply with the notice requirements of Public Housing Law § 157 (1). We have considered plaintiff's remaining contentions and find them to be without merit. Concur—Sullivan, J. P., Ellerin, Tom, Mazzarelli and Andrias, JJ.