Tricia T. SCHAEFER, Plaintiff,

v.

**ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES and CSEA Local 815, Defendants.**

No. 99–CV–0334A.

United States District Court,
W.D. New York.

Jan. 26, 2000.

Tricia T. Schaefer, Amherst, NY, pro se.

## ORDER

ARCARA, District Judge.

The above-referenced case was referred to Magistrate Judge Carol E. Heckman pursuant to 28 U.S.C. § 636(b)(1)(B), on July 22, 1999. On January 3, 2000, Magistrate Judge Heckman filed a Report and Recommendation, recommending that defendants' motion to dismiss the complaint should be granted.

The Court has carefully reviewed the Report and Recommendation, the record in this case, and the pleadings and materials submitted by the parties. No objections having been timely filed, it is hereby

ORDERED, that pursuant to 28 U.S.C. § 636(b)(1), and for the reasons set forth in Magistrate Judge Heckman's Report and Recommendation, defendant's motion to dismiss the complaint is granted.

IT IS SO ORDERED.

## REPORT AND RECOMMENDATION

HECKMAN, United States Magistrate Judge.

This case has been referred to the undersigned by Hon. Richard J. Arcara for pretrial matters and to hear and report on dispositive motions, in accordance with 28 U.S.C. § 636(b)(1). Defendant Civil Service Employees Association ("CSEA") Local 815 has filed a motion to dismiss the complaint. For the following reasons, CSEA Local 815's motion should be granted.

### BACKGROUND

On May 13, 1999, plaintiff filed this action *pro se* for employment discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e–17, and the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12112–12117. She alleges that she was denied job accommodations, promotions, lateral placements and transfers because of her religion (Christian) and disability (back problems), and was sexually harassed, during her employment at the Erie County Department of Social Services ("DSS"). She also claims that her union (CSEA Local 815) failed to process her grievances against DSS, and failed to assist her with her efforts to obtain promotions, transfers or accommodations (*see* Item 1).

On July 19, 1999, DSS answered the complaint. On August 3, 1999, CSEA Local 815 filed a motion to dismiss the complaint in lieu of an answer, raising the following grounds:

1. Plaintiff has not obtained a "right-to-sue" notice from the Equal Employment Opportunity Commission ("EEOC"), and has not otherwise exhausted administrative procedures, with respect to her claims against the union.

2. Plaintiff's claims against the union are time-barred.

3. The complaint fails to state a claim against the union under Title VII or the ADA upon which relief can be granted.

Each of these grounds is discussed in turn below.

### DISCUSSION

**1. Exhaustion of Administrative Procedures.**

In *Vital v. Interfaith Medical Center*, 168 F.3d 615 (2d Cir.1999), the Second

Circuit recently affirmed a district court's dismissal of a Title VII claim against the plaintiff's union because the union was not named in the charge that the plaintiff filed with the EEOC, or in the right to sue letter that the EEOC issued to the plaintiff. As explained by the Circuit, a Title VII complainant must first file a charge against a party with the EEOC or an authorized state agency before the complainant can sue that party in federal court. *Id.* at 619 (citing 42 U.S.C. § 2000e–5(f)(1)). The purpose of this requirement is "to notify the charged party of the alleged violation and also [to] bring[ ] the party before the EEOC, making possible effectuation of [Title VII]'s primary goal of securing voluntary compliance with its mandates." *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130,* 657 F.2d 890, 905 (7th Cir. 1981), *cert. denied,* 455 U.S. 1017, 102 S.Ct. 1710, 72 L.Ed.2d 134 (1982), *cited in Vital v. Interfaith Medical Center, supra.*

■ The Circuit also explained that, because the administrative charges generally are filed "by parties not versed in the vagaries of Title VII and its jurisdictional and pleading requirements," the courts recognize an exception to the exhaustion rule which permits a Title VII action to proceed against an unnamed party "where there is a clear identity of interest between the unnamed defendant and the party named in the administrative charge." *Johnson v. Palma,* 931 F.2d 203, 209 (2d Cir.1991); *see Vital, supra.* The following four factors must be considered by the court in determining whether an identity of interest exists:

1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; 2) whether, under the circumstances, the interests of a named [party] are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; 3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; 4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

*Johnson v. Palma, supra* at 209–10 (quoting *Glus v. G.C. Murphy Co.,* 562 F.2d 880, 888 (3d Cir.1977)).

■ In this case, it is clear from the pleadings that plaintiff failed to file an administrative complaint against CSEA Local 815, and that the EEOC did not mention Local 815 or any union officials in its Determination and Notice of Right to Sue (*see* EEOC Charge No. 165970066 and 2/18/99 Right-to-Sue letter, attached to Item 1). It is also clear that plaintiff was fully aware of the union's role in addressing her complaints about DSS at the time she filed her EEOC charge (*see* Item 1, ¶ 19, p. 6). In accordance with the court's direction (*see* Item 19), plaintiff has submitted "the papers [she] filed with the CSEA (Union) and then with EEOC" (Item 21), in which she stated as follows:

As advised by a Union Official in Albany, who has contact with a lawyer in Washington, D.C., who also has a license to practice in New York State—that since I pay Union dues—I have a right to be protected by Taylor law—to have representation by my Union—CSEA.

(*id.,* p. 2). This statement (which is the only apparent mention of the union in plaintiff's 64–page submission) is insufficient notice of Local 815's role in the alleged discrimination so as to bring it before the EEOC for the purpose of voluntary conciliation.

In addition, the interests of Local 815 and DSS are sufficiently dissimilar that Local 815's participation in the EEOC proceedings would be necessary. CSEA is the labor union for Erie County employees. Its primary function is to represent

County employees in negotiating the terms and conditions of their employment, and in the administration of employee grievances against the employer. *See* N.Y. Civil Service Law § 204(2). It is an entity completely separate from and independent of Erie County (the plaintiff's employer), and would in no way be bound by the County's voluntary conciliation in the EEOC proceeding. Furthermore, the absence from the EEOC proceeding has prejudiced Local 815, since it has not been provided the opportunity to demonstrate its lack of involvement in any alleged discrimination. Finally, there is no allegation that Local 815 ever represented to plaintiff that her relationship with the union should be through DSS.

Based on these factors, there is no identity of interest between DSS and CSEA Local 815. Further, as in *Vital* and *Johnson*, there is no indication that the unnamed party had notice of any charge against it. Accordingly, plaintiff cannot maintain her Title VII claim or her ADA claim against CSEA Local 815, and the motion to dismiss should be granted.

## 2. Statute of Limitations.

CSEA Local 815 also moves to dismiss the complaint on the ground that the claims against it are barred by the statute of limitations. The complaint in this case contains the following allegations against the union:

1. November 1995—June 1996: failure to support plaintiff in her efforts to obtain a lumbar chair.

2. June 11, 1996: Maria Olszewski, Union President for DSS, told plaintiff that the union could not help her with her complaints against DSS.

3. August 7, 1996: the union did not respond to a letter plaintiff wrote to Ms. Olszewski complaining that DSS took unnecessary disciplinary action in violation of the collective bargaining agreement.

4. Summer/Fall 1997: Ms. Olszewski stopped union representative Marie Prince from helping plaintiff with her work-related problems.

5. October 1997: Ms. Olszewski refused to help plaintiff obtain a transfer or lateral placement.

6. May 1995—March 3, 1998: the union "failed to put an end to the harassment, disparate treatment, and discrimination" against plaintiff.

(Item 1, ¶ 19, p. 6).

To the extent that these allegations can be liberally construed to allege a breach of Local 815's duty of fair representation under § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, that claim would be barred by the six-month statute of limitations that applies to such actions. None of the events alleged in the pleadings pertaining to the union occurred within the six months preceding May 13, 1999—the date on which she filed her complaint. *Vital v. Interfaith Medical Center, supra,* 168 F.3d at 620; *see also DelCostello v. International Bhd. of Teamsters,* 462 U.S. 151, 169, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983); *DiGrazia v. Local 338,* 189 F.3d 460 (2d Cir.1999) (Table, text in Westlaw at 1999 WL 642879) (dismissing Title VII claim for failure to name union in EEOC charge, and dismissing § 301 LMRA claim as untimely).

Similarly, to the extent the complaint can be read to allege a state law claim for breach of the union's duty of fair representation in violation of N.Y. Civil Service Law § 209–a(2)(c),[1] that claim would be

---

1. N.Y. Civil Service Law § 209–a(2) provides: It shall be an improper practice for an employee organization or its agents deliberately (a) to interfere with, restrain or coerce public employees in the exercise of the rights granted in section two hundred two, or to cause, or attempt to cause, a public employer to do so; (b) to refuse to negotiate collectively in good faith with a public employer, provided it is the duly recognized or certified representative of the employees of such employer; or (c) to breach its duty of fair representation to public employees under this article.

barred under the four-month statute of limitations of N.Y.C.P.L.R. § 217(a).[2] *See, e.g., Schermerhorn v. Metro. Transp. Authority,* 156 F.3d 351 (2d Cir.1998); *Jimenez v. United Federation of Teachers,* 239 A.D.2d 265, 266, 657 N.Y.S.2d 672, 673 (1st Dep't), *appeal dismissed,* 90 N.Y.2d 890, 661 N.Y.S.2d 834, 684 N.E.2d 283 (1997), *Clissuras v. City of New York,* 131 A.D.2d 717, 717, 517 N.Y.S.2d 39, 40 (2d Dep't 1987), *cert. denied,* 484 U.S. 1053, 108 S.Ct. 1003, 98 L.Ed.2d 970 (1988).

Accordingly, CSEA Local 815's motion should be granted to the extent that it seeks to dismiss as untimely plaintiff's claim for breach of the duty of fair representation.

### 3. Failure to State a Title VII or ADA Claim.

Finally, CSEA Local 815 moves pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim under Title VII or the ADA. Dismissal under Rule 12(b)(6) is only appropriate where, accepting the material allegations in the complaint as true, "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), *quoted in Vital, supra,* 168 F.3d at 619; *see also Chance v. Armstrong,* 143 F.3d 698, 701 (2d Cir.1998). "This rule applies with particular force where the plaintiff alleges civil rights violations or where the complaint is submitted *pro se.*" *Chance, supra,* 143 F.3d at 701.

▮ Courts in the Second Circuit have held that a labor union can be held liable for discrimination under Title VII or the ADA where the plaintiff shows (1) that the union breached its duty of fair representation by allowing an employer's viola-

tion of the collective bargaining agreement to go unrepaired, and (2) that the union's actions were motivated by discriminatory animus. *See Nweke v. The Prudential Insurance Company of America,* 25 F.Supp.2d 203, 220 (S.D.N.Y.1998); *Blaizin v. Caldor Store # 38,* 1998 WL 420775, at *2 (S.D.N.Y. July 27, 1998); *Morris v. Amalgamated Lithographers of America, Local One,* 994 F.Supp. 161, 170 (S.D.N.Y. 1998). Accepting the factual allegations in the complaint against the union as true (*see* Item 1, ¶ 19, p. 6), and drawing all reasonable inferences in favor of plaintiff, *see Bernheim v. Litt,* 79 F.3d 318, 321 (2d Cir.1996); *Webster v. Buffalo State College,* 1999 WL 606728, at *2 (W.D.N.Y. June 7, 1999), dismissal of plaintiff's claims against CSEA Local 815 is not appropriate under Rule 12(b)(6).

### *CONCLUSION*

For the foregoing reasons, defendant CSEA Local 815's motion **(Item 11)** to dismiss the complaint should be granted based on failure to exhaust administrative procedures and the statute of limitations, but denied to the extent it seeks dismissal under Rule 12(b)(6).

January 3, 1999.

---

2. C.P.L.R. § 217(a) provides:

Any action or proceeding against an employee organization subject to article fourteen of the civil service law or article twenty of the labor law which complains that such employee organization has breached its duty of fair representation regarding someone to whom such employee organiza-

tion has a duty shall be commenced within four months of the date the employee or former employee knew or should have known that the breach has occurred, or within four months of the date the employee or former employee suffers actual harm, whichever is later.