■ In the Matter of ALFRED DeSIMONE, Appellants, v NEW YORK CITY EMPLOYEES' RETIREMENT SYSTEM et al., Respondents. KATHLEEN OAKES et al., Intervenors-Appellants. [876 NYS2d 467]—

In a hybrid proceeding pursuant to CPLR article 78 to review a determination of the New York City Employees' Retirement System dated May 23, 2006, which denied the applications of the petitioners/plaintiffs and the intervenors-petitioners/plaintiffs for enrollment in an early retirement program pursuant to Retirement and Social Security Law §§ 445-d or 604-c, and a class action for a judgment declaring, inter alia, that the petitioners/plaintiffs and all others similarly situated have a contractual right to enroll in the early retirement program and a constitutional due process right to notification of their entitlement to enroll in that program, the petitioners/plaintiffs and the intervenors-petitioners/plaintiffs appeal from a judgment of the Supreme Court, Kings County (Ambrosio, J.), entered October 24, 2007, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs, and the action is severed.

The New York City Employees' Retirement System (hereinafter NYCERS) is an administrative agency of the City of New York that manages the retirement and disability benefits of City employees who are part of the retirement system. The Retirement and Social Security Law and certain provisions of the New York City Administrative Code provide the statutory schemes by which employees may receive a pension upon retirement, after meeting certain age and service prerequisites.

On June 28, 1995, the Legislature amended the Retirement and Social Security Law by adding sections 445-d and 604-c (see L 1995, ch 96, § 5), which permitted certain members of NYCERS to elect retirement with full benefits at age 55 rather than at age 62, provided they had 25 years of service and fulfilled other contractual requirements. The statute created a 90-day window within which members could elect to participate in the early retirement program—from June 28, 1995, until September 28, 1995. Members who were eligible to elect participation in the early retirement program, but who failed to do so during that period, were foreclosed from joining the program. The statute articulated no specific provisions providing for notice of the

program. The respondents nonetheless contend that NYCERS embarked on a "robust campaign during the window period" to publicize the program, including "newspaper articles in The Chief, Public Employee Press, Civil Service Sentinel and several other union publications," as well as informational seminars.

On or about September 15, 2006, the petitioners/plaintiffs (hereinafter the petitioners) commenced the instant hybrid CPLR article 78 proceeding and plenary class action on behalf of themselves and all others similarly situated, alleging that NYCERS' denial of their applications for enrollment in the early retirement program constituted a breach of the petitioners' retirement contracts and a breach of NYCERS' fiduciary duty to them. After additional petitioners/plaintiffs intervened (hereinafter the intervenors-petitioners), the Supreme Court denied the petition, reasoning that NYCERS did not unlawfully, arbitrarily, or capriciously preclude the petitioners or the intervenors-petitioners from enrolling in the early retirement program. We affirm.

We agree with the Supreme Court that the respondents' conduct was not arbitrary or capricious or contrary to law. The respondents did not violate NY Constitution, article V, § 7, which deems membership in a pension or retirement system a "contractual relationship, the benefits of which shall not be diminished or impaired," since neither the respondents nor the Legislature unilaterally impaired or diminished the petitioners' or the intervenors-petitioners' membership rights (*see Matter of McGarrigle v City of New York*, 23 AD3d 196, 197 [2005]).

The petitioners' and the intervenors-petitioners' remaining contentions are without merit. Mastro, J.P., Dickerson, Belen and Chambers, JJ., concur.