■ Yehuda Tornheim, Appellant, v Barbara J. Fiala, as Commissioner of the New York State Department of Motor Vehicles, Respondent. [25 NYS3d 290]—

In a hybrid action for a judgment declaring that the plaintiff/ petitioner is entitled to a new restricted use driver license, and proceeding pursuant to CPLR article 78 to compel the defendant/respondent to issue such a license to the plaintiff/petitioner, the plaintiff/petitioner appeals from an order and judgment (one paper) of the Supreme Court, Rockland County (Alfieri, Jr., J.), dated January 7, 2015, which granted the defendant/ respondent's motion to dismiss the complaint/petition as time-barred and dismissed the action/proceeding.

Ordered that the order and judgment is affirmed, with costs.

The Supreme Court correctly determined that the four-month statute of limitations set forth in CPLR 217 (1) applies to this hybrid action/proceeding, since the relief sought in the declaratory judgment complaint is available in the context of the CPLR article 78 proceeding (see Solnick v Whalen, 49 NY2d 224 [1980]; Matter of Sutherland v New York State Dept. of Envtl. Conservation, 122 AD3d 759 [2014]).

Moreover, contrary to the contention of the plaintiff/ petitioner (hereinafter the plaintiff), the Supreme Court properly granted the motion of the defendant/respondent (hereinafter the defendant) to dismiss this matter as time-barred. The record demonstrates that on October 31, 2013, the defendant issued a final and binding determination finding the plaintiff ineligible to obtain a new restricted use driver license. The plaintiff did not commence the instant hybrid action/ proceeding challenging the determination until August 18, 2014. Although the plaintiff submitted additional correspondence to the defendant requesting reconsideration, and the defendant issued a subsequent letter further explaining its position, these circumstances did not undermine the finality of the October 31, 2013 determination, or serve to extend or revive the limitations period (see Matter of Lubin v Board of Educ. of City of N.Y., 60 NY2d 974, 976 [1983]; Holliswood Care Ctr. v Whalen, 58 NY2d 1001, 1003 [1983]; Matter of De Milio v Borghard, 55 NY2d 216, 220 [1982]; Matter of Orange County Economic Dev. Corp. v State of N.Y. Auths. Budget Off., 128 AD3d 1256, 1257 [2015]).

The plaintiff's remaining contentions either are without merit or need not be considered in light of our determination. Mastro, J.P., Austin, Maltese and Barros, JJ., concur.