Matter of Baker v Stanford (2020 NY Slip Op 03009)





Matter of Baker v Stanford


2020 NY Slip Op 03009


Decided on May 27, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 27, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2018-14929
 (Index No. 1508/18)

[*1]In the Matter of Jerome Baker, appellant,
v
Tina M. Stanford, etc., et al., respondents.


Janet E. Sabel, New York, NY (Robert C. Newman of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Anisha S. Dasgupta and Philip J. Levitz of counsel), for respondents.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of an officer of the New York State Division of Parole which denied, without a hearing, the petitioner's request for discretionary discharge from postrelease supervision pursuant to Executive Law § 259-j(3), the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Karen B. Rothenberg, J.), dated October 18, 2018. The order and judgment granted the respondents' motion to dismiss the petition and, in effect, dismissed the proceeding.
ORDERED that the order and judgment is affirmed, without costs or disbursements.
After the petitioner's parole officer denied his request for discretionary discharge from parole made under Executive Law § 259-j(3), the petitioner commenced this proceeding pursuant to CPLR article 78. The petition sought a determination that the petitioner was eligible for discretionary discharge from parole and an order directing the Division of Parole to discharge the petitioner from parole pursuant to Executive Law § 259-j(3) or to provide an explanation as to why the Division would not grant the petitioner's request for early discharge. The respondents moved to dismiss the petition as barred by the statute of limitations and on the merits. The Supreme Court granted the motion and, in effect, dismissed the proceeding on the merits without addressing whether the petition was barred by the statute of limitations. The petitioner appeals. We affirm, albeit on a different ground.
Unless a shorter time is provided in the law authorizing the proceeding, a four-month statute of limitations is generally applicable to proceedings pursuant to CPLR article 78 (see CPLR 217[1]). "A challenge to an administrative determination must be commenced within four months of the time the determination is final and binding upon the petitioner'" (Matter of Salomon v Town of Wallkill, 174 AD3d 720, 721, quoting CPLR 217[1]), or within four months "after the respondent's refusal, upon the demand of the petitioner . . . , to perform its duty" (CPLR 217[1]). "A determination generally becomes binding when the aggrieved party is notified'" (Matter of Village of Westbury v Department of Transp. of State of N.Y., 75 NY2d 62, 72; see Matter of Reilly v Farley, 120 AD3d 693, 694).
Here, at some time prior to May 1, 2017, the petitioner's parole officer told the petitioner that he was not eligible for early discharge from parole. The petitioner's attorney sent letters dated May 1, 2017, and June 16, 2017, to the petitioner's parole officer and a senior parole officer at the Division of Parole's Brooklyn V Area Office, seeking an explanation as to why the petitioner's request for discretionary discharge was denied. Neither the petitioner nor his counsel received a response. However, the petitioner did not commence the instant proceeding until June 2018, more than one year after the petitioner's parole officer told the petitioner he was not eligible for early discharge from parole. Accordingly, the petition was untimely (see Matter of Salomon v Town of Wallkill, 174 AD3d 720; Matter of Hayes v Evans, 98 AD3d 1207, 1208). Contrary to the petitioner's contention, there is no public policy reason for this Court not to apply the four-month statute of limitations applicable to CPLR article 78 proceedings.
In view of our determination, we need not address the petitioner's contention that he is eligible for discretionary discharge from postrelease supervision.
The petitioner's remaining contention is without merit.
BALKIN, J.P., LEVENTHAL, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court