Matter of Piliero v Eastchester Fire Dist. (2020 NY Slip Op 06268)





Matter of Piliero v Eastchester Fire Dist.


2020 NY Slip Op 06268


Decided on November 4, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 4, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
JOSEPH J. MALTESE, JJ.


2018-14910
 (Index No. 60967/18)

[*1]In the Matter of Cara M. Piliero, appellant,
v
Eastchester Fire District, respondent.


Roth Law Group PLLC, Scarsdale, NY (Warren J. Roth of counsel), for appellant.
Coughlin & Gerhart, LLP, Binghamton, NY (Angelo D. Catalano and Paul J. Sweeney of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the Eastchester Fire District denying the petitioner retiree health insurance benefits, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Anne E. Minihan, J.), dated November 9, 2018. The judgment denied the petition as time-barred and dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
The petitioner commenced this proceeding pursuant to CPLR article 78, inter alia, to review a determination of the Eastchester Fire District (hereinafter the District). The District opposed the petition, asserting, among other things, the affirmative defense of the statute of limitations. The Supreme Court denied the petition as time-barred and dismissed the proceeding. The petitioner appeals.
A proceeding pursuant to CPLR article 78 must be commenced within four months after the administrative determination sought to be reviewed becomes final and binding upon the petitioner (see CPLR 217[1]; Matter of Best Payphones, Inc. v Department of Info. Tech. & Telecom. of City of N.Y., 5 NY3d 30, 34; Matter of Yarbough v Franco, 95 NY2d 342; Matter of Reilly v Farley, 120 AD3d 693). "A determination becomes final and binding when 'the agency . . . reache[s] a definitive position on the issue that inflicts actual, concrete injury and . . . the injury inflicted may not be prevented or significantly ameliorated by further administrative action or by steps available to the complaining party'" (Matter of Zherka v Ramos, 173 AD3d 746, 747, quoting Matter of Best Payphones, Inc. v Department of Info. Tech. & Telecom. of City of N.Y., 5 NY3d at 34). "A party seeking to assert the statute of limitations as a defense has the burden of establishing that the petitioner was notified of the determination more than four months before the proceeding was commenced" (Matter of Zherka v Ramos, 173 AD3d at 747). Generally, a request for reconsideration of an administrative determination does not extend or toll the statute of limitations or render the otherwise final determination non-final unless the agency's rules mandate reconsideration (see Matter of Lubin v Board of Educ. of City of N.Y., 60 NY2d 974, 976; Matter of Strax v City of New York, 172 AD3d 1381).
Here, the District's determination denying the petitioner retiree health insurance became final and binding on March 28, 2017, when the petitioner's counsel received notice from the District's counsel via email. Therefore, the petition, filed in July 2018, was untimely.
Contrary to the petitioner's argument, the statute of limitations was not extended or tolled by the March 17, 2018 email from the District's counsel to the petitioner's counsel. As the plain language of the March 17, 2018 email shows, it is a response to a request for reconsideration of a prior determination and as such it does not serve to extend or toll the statute of limitations (see Matter of Strax v City of New York, 172 AD3d at 1381).
Accordingly, we agree with the Supreme Court's determination to deny the petition as time-barred and dismiss the proceeding.
LEVENTHAL, J.P., ROMAN, COHEN and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court