Matter of Cathie v Greenstein (2021 NY Slip Op 03174)





Matter of Cathie v Greenstein


2021 NY Slip Op 03174


Decided on May 19, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
PAUL WOOTEN, JJ.


2019-06047
 (Index No. 64975/18)

[*1]In the Matter of Bruce Cathie, etc., appellant,
v
Robert J. Greenstein, etc., et al., respondents.


Phillips Nizer LLP, New York, NY (Craig E. Penn of counsel), for appellant.
Keane & Beane, P.C., White Plains, NY (Jaclyn G. Goldberg of counsel), for respondents.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination by the respondent Town of New Castle, which denied the petitioner's request to change his health insurance provider, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Westchester County (Susan Cacace, J.), dated March 22, 2019. The order and judgment granted the respondents' motion pursuant to CPLR 3211(a) to dismiss the petition and, in effect, denied the petition and dismissed the proceeding.
ORDERED that the order and judgment is affirmed, with costs.
The petitioner, a retired police sergeant, commenced this proceeding pursuant to CPLR article 78 to review a determination of the Town of New Castle, denying his request to change the provider of his retiree health insurance coverage. The respondents moved pursuant to CPLR 3211(a) to dismiss the petition, asserting, among other things, the affirmative defense of the statute of limitations. The Supreme Court granted the respondents' motion and, in effect, denied the petition and dismissed the proceeding. The petitioner appeals.
A proceeding pursuant to CPLR article 78 must be commenced within four months after the administrative determination sought to be reviewed becomes final and binding upon the petitioner (see CPLR 217[1]; Matter of Best Payphones, Inc. v Department of Info. Tech. & Telecom. of City of N.Y., 5 NY3d 30, 34). "A determination becomes final and binding when 'the agency . . . reache[s] a definitive position on the issue that inflicts actual, concrete injury and . . . the injury inflicted may not be prevented or significantly ameliorated by further administrative action or by steps available to the complaining party'" (Matter of Zherka v Ramos, 173 AD3d 746, 747, quoting Matter of Best Payphones, Inc. v Department of Info. Tech. & Telecom. of City of N.Y., 5 NY3d at 34). "A party seeking to assert the statute of limitations as a defense has the burden of establishing that the petitioner was notified of the determination more than four months before the proceeding was commenced" (Matter of Piliero v Eastchester Fire Dist., 188 AD3d 694, 695 [internal quotation marks omitted]; see Matter of Baker v Stanford, 183 AD3d 889). "Generally, a request for reconsideration of an administrative determination does not extend or toll the statute of limitations or render the otherwise final determination non-final unless the agency's rules mandate reconsideration" (Matter of Piliero v Eastchester Fire Dist., 188 AD3d at 695).
Here, the Town's determination denying the petitioner's request to change his health insurance provider became final and binding no later than February 8, 2018, when the petitioner received notice of the denial from the assistant to the Town Administrator via telephone and email. Therefore, the petition, filed in September 2018, was untimely.
Contrary to the petitioner's contention, the telephone conversation with the assistant to the Town Administrator and her February 8, 2018 email were an unequivocal denial of his request and left "no doubt that there would be no further administrative action" and that the Town had reached a "definitive position" (Matter of Best Payphones, Inc. v Dept. of Info. Tech. and & Telecom. of City of N.Y., 5 NY3d at 34 [internal quotation marks omitted]). The petitioner's response the same day via email reflected his understanding that the Town would not permit retirees to switch health insurance providers during an open enrollment period, as he sought an explanation for and reconsideration of the denial.
Moreover, the statute of limitations was not extended or tolled by a letter dated June 19, 2018, from the Town's counsel to the petitioner's counsel. In response to the petitioner's requests for reconsideration, that letter reiterated the Town's position. As such, it does not serve to extend the statute of limitations or render the prior determination nonfinal (see Matter of Strax v City of New York, 172 AD3d 1381, 1381; St. John's Riverside Hosp. v City of Yonkers, 151 AD3d 786, 789). Accordingly, the Supreme Court properly determined that the petition was time-barred and, in effect, denied the petition and dismissed the proceeding.
In light of our determination, we need not reach the parties' remaining contentions.
CHAMBERS, J.P., AUSTIN, LASALLE and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court