Matter of DeRaffele v Village of Scarsdale Water Dept. (2022 NY Slip Op 05037)

Matter of DeRaffele v Village of Scarsdale Water Dept.

2022 NY Slip Op 05037

Decided on August 24, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 24, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
SHERI S. ROMAN
LINDA CHRISTOPHER
WILLIAM G. FORD, JJ.

2019-10377
 (Index No. 2776/18)

[*1]In the Matter of John DeRaffele, appellant, 
v
Village of Scarsdale Water Department, respondent.

John DeRaffele, New Rochelle, NY, appellant pro se. 
Wayne D. Esannason, Scarsdale, NY, for respondent.

DECISION & ORDER
In a proceeding, in effect, pursuant to CPLR article 78, inter alia, to review a determination of the respondent concerning the amount owed by the petitioner as reflected on a water bill dated May 1, 2018, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Westchester County (Susan Cacace, J.), dated July 19, 2019. The order and judgment granted the respondent's motion pursuant to CPLR 3211(a) to dismiss the petition, and dismissed the proceeding.
ORDERED that the order and judgment is affirmed, with costs.
The respondent, Village of Scarsdale Water Department (hereinafter the Water Department), maintains its own water operating system, from which it supplies water to residents of the Village of Scarsdale and contiguous properties situated in the Town of Mamaroneck and the City of New Rochelle. The Water Department provides quarterly bills to each customer showing the actual or estimated amount of water consumed by that customer during a specified period of time. In these bills, customers are charged a base rate for an allocated amount of water consumption, and are charged an excess rate when they exceed the allocated amount of water consumption.
The petitioner is the owner of property located in the City of New Rochelle (hereinafter the subject property). The Water Department provides water service to the subject property.
The petitioner received a water bill from the Water Department dated May 1, 2018, for the period of December 26, 2017, to March 27, 2018, indicating that the subject property had consumed a total of 86 units of water during that period, and that the petitioner owed the total sum of $762.06 as a result. The water bill included, among other things, a charge of $195.50 at the base rate for the subject property's consumption of the first 50 units of water, and a charge of $492.66 as a penalty based upon the subject property's consumption of more than 50 units of water.
On or about and between May 1, 2018, and May 17, 2018, the petitioner complained to the Water Department regarding the water bill dated May 1, 2018, and requested that the Water Department inspect the water meter at the subject property. On or about and between May 10, 2018, and May 17, 2018, the Water Department inspected the water meter and determined that the meter [*2]was recording properly and had no leaks. On or about May 17, 2018, the Water Department replaced the existing meter for the subject property at the petitioner's request. By letter dated May 23, 2018, the Water Department notified the petitioner of the results of the meter testing.
In two letters, both dated September 20, 2018, to the Water Department, the petitioner offered to pay the base rate for all 86 units of water that the subject property had allegedly consumed from December 26, 2017, to March 27, 2018, as reflected on the May 1, 2018 water bill. According to the petitioner, "the [Water Department] refused to accept" his offer set forth in these letters.
In or around December 2018, the petitioner commenced the instant proceeding, in effect, pursuant to CPLR article 78. The petitioner alleged, among other things, that the subject property did not consume 86 units of water during the period of December 26, 2017, to March 27, 2018, and that the reading on his meter for this period was incorrect and/or that the meter was defective. The Water Department moved pursuant to CPLR 3211(a) to dismiss the petition, arguing, inter alia, that the proceeding was time-barred. In an order and judgment dated July 19, 2019, the Supreme Court granted the Water Department's motion, and dismissed the proceeding. The petitioner appeals.
"A proceeding pursuant to CPLR article 78 must be commenced within four months after the determination to be reviewed becomes final and binding on the petitioner" (Matter of Zherka v Ramos, 173 AD3d 746, 747; see CPLR 217[1]; Matter of Best Payphones, Inc. v Department of Info. Tech. & Telecom. of City of N.Y., 5 NY3d 30, 34; Matter of Rodas v RISC Program, Family Servs., Inc., of Dutchess County, 163 AD3d 682, 683). "There are two requirements for fixing the time when [the] agency action is deemed final and binding" (Matter of Rodas v RISC Program, Family Servs., Inc., of Dutchess County, 163 AD3d at 683). "'First, the agency must have reached a definitive position on the issue that inflicts actual, concrete injury and second, the injury inflicted may not be prevented or significantly ameliorated by further administrative action or by steps available to the complaining party'" (id., quoting Matter of Best Payphones, Inc. v Department of Info. Tech. & Telecom. of City of N.Y., 5 NY3d at 34). A party seeking to assert the statute of limitations as a defense has the burden of establishing that the petitioner was notified of the determination more than four months before the proceeding was commenced (see Matter of Rodas v RISC Program, Family Servs., Inc., of Dutchess County, 163 AD3d at 683; Matter of Romeo v Long Is. R.R. Co., 136 AD3d 926, 927; Matter of Bill's Towing Serv., Inc. v County of Nassau, 83 AD3d 698, 699). "Generally, a request for reconsideration of an administrative determination does not extend or toll the statute of limitations or render the otherwise final determination non-final unless the agency's rules mandate reconsideration" (Matter of Piliero v Eastchester Fire Dist., 188 AD3d 694, 695).
Here, the Water Department established that the petitioner was notified that there had been a final and binding determination concerning the amount that he owed for water consumption and other related fees at the subject property for the period of December 26, 2017, to March 27, 2018, no later than May 17, 2018, more than four months before this proceeding was commenced. The petitioner's subsequent requests, in effect, to settle with the Water Department the amount owed as reflected on the May 1, 2018 water bill neither extended the statute of limitations nor rendered the otherwise final determination non-final. Therefore, the Supreme Court properly granted the Water Department's motion pursuant to CPLR 3211(a) to dismiss the petition.
The petitioner's remaining contentions either are improperly raised for the first time on appeal or need not be reached in light of our determination.
CONNOLLY, J.P., ROMAN, CHRISTOPHER and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court