Matter of Munro v New York City Human Resources Admin. (2023 NY Slip Op 06048)

Matter of Munro v New York City Human Resources Admin.

2023 NY Slip Op 06048

Decided on November 22, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
VALERIE BRATHWAITE NELSON
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.

2020-07714
 (Index No. 707300/20)

[*1]In the Matter of Jacques Munro, appellant, 
v
New York City Human Resources Administration, Office of Child Support Enforcement, respondent.

Jacques Munro, Elmont, NY, appellant pro se.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Susan Paulson and Jesse A. Townsend of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78, inter alia, to review (1) a determination of the New York City Human Resources Administration, Office of Child Support Enforcement dated September 17, 2019, which denied the petitioner's request to recalculate the amount of child support arrears owed by him, and (2) a determination of the same agency dated December 12, 2019, which denied the petitioner's request for an emergency release of his passport, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Queens County (Timothy J. Dufficy, J.), entered September 16, 2020. The order and judgment granted those branches of the respondent's motion which were to dismiss those branches of the petition which were to review the determinations dated September 17, 2019, and December 12, 2019, otherwise denied the petition, and dismissed the proceeding.
ORDERED that the order and judgment is modified, on the law, by deleting the provision thereof granting those branches of the respondent's motion which were to dismiss those branches of the petition which were to review the determinations dated September 17, 2019, and December 12, 2019, and substituting therefor a provision denying those branches of the motion; as so modified, the order and judgment is affirmed, with costs to the petitioner, those branches of the petition which were to review the determinations dated September 17, 2019, and December 12, 2019, are reinstated, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith, and for the entry of an appropriate amended judgment thereafter.
In a letter dated August 13, 2019, the petitioner requested that the respondent, New York City Human Resources Administration, Office of Child Support Enforcement, recalculate the amount of child support arrears owed by him on the ground that an order dated May 13, 2003, suspended his obligation to pay $100 per week to his former wife for child care expenses, which was in addition to his basic child support obligation. In a determination dated September 17, 2019, the respondent denied the petitioner's request. An account statement dated September 16, 2019, issued by the respondent, represented that the $100 weekly obligation for child care expenses was continued "AS PER ACS FROM QUEENS," effective November 9, 2004.
In a letter dated November 7, 2019, the petitioner further requested an emergency [*2]release of his passport on the ground that his son, who was born in Haiti in 2007, had been abducted by the son's maternal grandmother in 2016. In a determination dated December 12, 2019, the respondent denied the request on the ground that "[r]eview of [the petitioner's] account reflect[ed] that the amount due is correct and was accurately computed."
On February 28, 2020, the petitioner commenced this proceeding pursuant to CPLR article 78, inter alia, to review the determinations dated September 17, 2019, and December 12, 2019. The respondent moved to dismiss the petition, among other things, on the grounds that review of the determination dated September 17, 2019, was time-barred and that the petitioner failed to exhaust his administrative remedies with respect to the determination dated December 12, 2019. The Supreme Court granted those branches of the respondent's motion which were to dismiss those branches of the petition which were to review the determinations dated September 17, 2019, and December 12, 2019, concluding that review of the determination dated September 17, 2019, was time-barred and that the petitioner "is unable to demonstrate that a final determination has been made on his request for passport reinstatement, due to a family emergency." The court otherwise denied the petition, and dismissed the proceeding. The petitioner appeals.
"'A proceeding pursuant to CPLR article 78 must be commenced within four months after the determination to be reviewed becomes final and binding on the petitioner'" (Matter of DeRaffele v Village of Scarsdale Water Dept., 208 AD3d 781, 783, quoting Matter of Zherka v Ramos, 173 AD3d 746, 747; see CPLR 217[1]). "There are two requirements for fixing the time when [the] agency action is deemed final and binding" (Matter of Rodas v RISC Program, Family Servs., Inc., of Dutchess County, 163 AD3d 682, 683). "'First, the agency must have reached a definitive position on the issue that inflicts actual, concrete injury and second, the injury inflicted may not be prevented or significantly ameliorated by further administrative action or by steps available to the complaining party'" (id. at 683, quoting Matter of Best Payphones, Inc. v Department of Info. Tech. & Telecom. of City of N.Y., 5 NY3d 30, 34). "A party seeking to assert the statute of limitations as a defense has the burden of establishing that the petitioner was notified of the determination more than four months before the proceeding was commenced" (Matter of DeRaffele v Village of Scarsdale Water Dept., 208 AD3d at 783).
Here, the respondent submitted no evidence that the petitioner was notified of the determination dated September 17, 2019, more than four months before this proceeding was commenced (see Matter of Bill's Towing Serv., Inc. v County of Nassau, 83 AD3d 698, 699). Furthermore, contrary to the respondent's contention, the determination dated December 12, 2019, was an unequivocal denial of the petitioner's request for relief and left "no doubt that there would be no further administrative action" (Matter of Best Payphones, Inc. v Dept. of Info. Tech. & Telecom. of City of N.Y., 5 NY3d at 34 [internal quotation marks omitted]; see Matter of Cathie v Greenstein, 194 AD3d 925, 926; cf. Matter of Mirenberg v Lynbrook Union Free School Dist. Bd. of Educ., 63 AD3d 943, 944).
Accordingly, those branches of the petition which were to review the determinations dated September 17, 2019, and December 12, 2019, must be reinstated, and the matter must be remitted to the Supreme Court, Queens County, for a determination on the merits of those branches of the petition after the respondent serves and files its answer and, if necessary, completes the administrative record (see Matter of Bill's Towing Serv., Inc. v County of Nassau, 83 AD3d at 699).
Contrary to the petitioner's contention, however, the Supreme Court properly denied that branch of the petition which was to vacate his child support arrears, as he did not establish that the respondent commenced an action or proceeding to enforce an order or judgment awarding child support more than 20 years from the date of a default in payment (see CPLR 211[e]).
The petitioner's remaining contentions are not properly before this Court.
CONNOLLY, J.P., BRATHWAITE NELSON, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court