Rock v New York City Employees' Retirement Sys. (2024 NY Slip Op 05121)

Rock v New York City Employees' Retirement Sys.

2024 NY Slip Op 05121

Decided on October 16, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 16, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
PAUL WOOTEN
BARRY E. WARHIT
LOURDES M. VENTURA, JJ.

2023-04463
 (Index No. 165/22)

[*1]Milton Peter Rock, appellant,
v
New York City Employees' Retirement System, respondent. The Wagner Law Group, New York, NY (Barry L. Salkin of counsel), for appellant.

Muriel Goode-Trufant, Acting Corporation Counsel, New York, NY (Deborah A. Brenner and Jesse A. Townsend of counsel), for respondent.

DECISION & ORDER
In an action, in effect, to review a determination of the defendant New York City Employees' Retirement System dated September 17, 2015, rejecting the plaintiff's challenge to its calculation of his retirement benefits, the plaintiff appeals from an order of the Supreme Court, Kings County (Rupert V. Barry, J.), dated March 1, 2023. The order granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
The defendant, New York City Employees' Retirement System (hereinafter NYCERS), an administrative agency of the City of New York, is "responsible for administering the retirement programs for employees of the City and various City-related participating employers" (Matter of Kaslow v City of New York, 23 NY3d 78, 83; see Matter of DeSimone v New York City Employees' Retirement Sys., 60 AD3d 1053, 1054). "City employees become members of NYCERS, which manages the system's invested funds and determines and pays out benefits to retirees according to requirements established by state and city law. In general, a member's retirement benefits vary by tier and plan, which are determined by date of membership and job title, respectively" (Matter of Kaslow v City of New York, 23 NY3d at 84). "[E]mployees may receive a pension upon retirement, after meeting certain age and service prerequisites" (Matter of DeSimone v New York City Employees' Retirement Sys., 60 AD3d at 1054).
In June 1979, the plaintiff, who was then 20 years old, began working as a traffic enforcement agent for the New York City Department of Transportation (hereinafter DOT). Shortly thereafter, he became a member of NYCERS and was placed "in the [Tier 4 Basic] 62/5 Retirement Plan (hereinafter 62/5 Plan)[,] which provided for a retirement with full benefits at age 62 after at least 5 years of credited service" (Matter of Zamostina v New York City Employees' Retirement Sys., 189 AD3d 1256, 1257). After more than six years of service with the DOT, the plaintiff left the DOT to accept a position with the New York City Transit Authority (hereinafter NYCTA). In August 1994, he elected to participate in the 55/25 Retirement Plan (hereinafter 55/25 Plan) (see Retirement and Social Security Law § 604-b; Matter of Gammone v Murphy, 299 AD2d 551, 551), which the Legislature enacted the prior month as a benefit available to NYCTA employees (see L [*2]1994, ch 529, § 2).
In March 2014, the plaintiff filed an application for retirement benefits in advance of his 55th birthday the following month. In a letter dated September 10, 2014, issued after the effective date of his retirement, NYCERS notified the plaintiff that it had "finalized" its calculation of his benefits, including, inter alia, his regular monthly retirement allowance. The plaintiff thereafter wrote to NYCERS complaining that it had not considered his service with the DOT when calculating his retirement benefits. By letter dated September 17, 2015 (hereinafter the September 2015 letter), NYCERS advised the plaintiff that his benefits under the 55/25 Plan only included credit for his service with NYCTA. Although he was not entitled to credit for his DOT service under the 55/25 Plan, NYCERS informed the plaintiff that he would receive distinct benefits under the 62/5 Plan relating to his DOT service upon meeting the age requirement in 2021. The plaintiff subsequently sent additional correspondence to NYCERS making similar complaints about the calculation of his retirement benefits, and NYCERS repeatedly responded by reiterating the position set forth in the September 2015 letter. Following his 62nd birthday in 2021, NYCERS advised the plaintiff that he was eligible to receive benefits under the 62/5 Plan for his DOT service.
In April 2022, the plaintiff, appearing pro se, commenced this action, in effect, to review NYCERS's determination in the September 2015 letter, rejecting the plaintiff's challenge to NYCERS's calculation of his retirement benefits. NYCERS thereafter moved pursuant to CPLR 3211(a) to dismiss the complaint. The plaintiff, by counsel, opposed the motion. By order dated March 1, 2023, the Supreme Court granted NYCERS's motion. The plaintiff appeals.
Initially, this action was not the appropriate procedural vehicle to challenge NYCERS's determination. "The appropriate vehicle to review allegations sounding in improper administrative determinations and actions by [governmental agencies] is a CPLR article 78 proceeding" (Charwat v Kustas, 233 AD2d 288, 288). As NYCERS correctly contends, the plaintiff should have challenged NYCERS's calculation of his retirement benefits by way of a CPLR article 78 proceeding (see Lieblich v Teachers' Retirement Sys. of the City of N.Y., 181 AD3d 519, 519; Sloninski v City of New York, 173 AD3d 801, 802; Clissuras v City of New York, 131 AD2d 717, 718). Contrary to the plaintiff's contention, even when liberally construing his pro se complaint and affording him "the benefit of every possible favorable inference" (Ward v Klein, 203 AD3d 1216, 1217), the plaintiff did not assert causes of action alleging breach of contract or a violation of his rights pursuant to article V, section 7, of the New York State Constitution (cf. Matter of Ramirez v New York City Employees' Retirement Sys., 189 AD3d 1417, 1420-1421; Matter of DeSimone v New York City Employees' Retirement Sys., 60 AD3d at 1055). Regardless, the gravamen of the plaintiff's complaint concerns the type of challenge to an administrative determination that is properly reviewable under CPLR article 78 (see Toolasprashad v City of New York, 169 AD3d 405, 405; Leon v New York City Employees' Retirement Sys., 240 AD2d 186, 186; Clissuras v City of New York, 131 AD2d at 718). Therefore, this action was subject to the statute of limitations period applicable to CPLR article 78 proceedings (see St. John's Riverside Hosp. v City of Yonkers, 151 AD3d 786, 788-789; Dormer v Suffolk County Police Benevolent Assn., Inc., 95 AD3d 1166, 1168).
"Unless a shorter time is provided in the law authorizing the proceeding, a four-month statute of limitations is generally applicable to proceedings pursuant to CPLR article 78. A challenge to an administrative determination must be commenced within four months of the time the determination is final and binding upon the petitioner, or within four months after the [agency]'s refusal, upon the demand of the petitioner . . . , to perform its duty" (Matter of Baker v Stanford, 183 AD3d 889, 890 [citations and internal quotation marks omitted]). "A strong public policy underlies the abbreviated statutory time frame: the operation of government agencies should not be unnecessarily clouded by potential litigation" (Matter of Best Payphones, Inc. v Department of Info. Tech. & Telecom. of City of N.Y., 5 NY3d 30, 34). "A determination generally becomes binding when the aggrieved party is notified" (Matter of Baker v Stanford, 183 AD3d at 890 [internal quotation marks omitted]). "An administrative determination becomes final and binding when two requirements are met: completeness . . . of the determination and exhaustion of administrative remedies. First, the agency must have reached a definitive position on the issue that inflicts actual, concrete injury and second, the injury inflicted may not be . . . significantly ameliorated by further [*3]administrative action or by steps available to the complaining party" (Matter of Rosado-Ciriello v Board of Educ. of the Yonkers City Sch. Dist., 219 AD3d 839, 840-841 [citations and internal quotation marks omitted]; see St. John's Riverside Hosp. v City of Yonkers, 151 AD3d at 788-789). In other words, "[f]or a determination to be final upon the petitioner[,] it must be clear that the petitioner seeking review has been aggrieved by it" (Matter of Rapoli v Village of Red Hook, 29 AD3d 1007, 1008 [internal quotation marks omitted]), and it must "[leave] no doubt that there w[ill] be no further administrative action" (Matter of Munro v New York City Human Resources Admin., Off. of Child Support Enforcement, 221 AD3d 904, 906 [internal quotation marks omitted]; see Matter of Best Payphones, Inc. v Department of Info. Tech. & Telecom. of City of N.Y., 5 NY3d at 34). "A party seeking to assert the statute of limitations as a defense has the burden of establishing that the petitioner was notified of the determination more than four months before the proceeding was commenced" (Matter of Andrews v Incorporated Vil. of Freeport, 221 AD3d 809, 811 [internal quotation marks omitted]; see Matter of Richardson v New York City Hous. Auth., 89 AD3d 1091, 1092).
"If an agency has created ambiguity or uncertainty as to whether a final and binding decision has been issued, the courts should resolve any ambiguity created by the public body against it in order to reach a determination on the merits and not deny a party his [or her] day in court" (Matter of Carter v State of N.Y., Exec. Dept., Div. of Parole, 95 NY2d 267, 270 [internal quotation marks omitted]; see Matter of Burch v New York City Health & Hosps. Corp., 118 AD3d 454, 454; Berkshire Nursing Ctr., Inc. v Novello, 13 AD3d 327, 328). Moreover, "a request for reconsideration of an administrative determination [generally] does not extend or toll the statute of limitations or render the otherwise final determination non-final unless the agency's rules mandate reconsideration" (Matter of DeRaffele v Village of Scarsdale Water Dept., 208 AD3d 781, 783 [internal quotation marks omitted]; see Matter of Strax v City of New York, 172 AD3d 1381, 1381; Matter of Reilly v Farley, 120 AD3d 693, 694). This is true even where an agency responds to a request for reconsideration by "issu[ing] a subsequent letter further explaining its position" (Tornheim v Fiala, 136 AD3d 797, 797; see Matter of Teichmann v New York City Employees' Retirement Sys., 178 AD3d 408, 408; Matter of Eldaghar v New York City Hous. Auth., 34 AD3d 326, 327). By contrast, "where the agency conducts a fresh and complete examination of the matter based on newly presented evidence, an aggrieved party may seek review in a CPLR article 78 proceeding commenced within four months of the new determination" (Matter of Riverso v New York State Dept. of Envtl. Conservation, 125 AD3d 974, 977 [internal quotation marks omitted]; see Matter of O'Neill v Pfau, 23 NY3d 993, 996; Matter of Teichmann v New York City Employees' Retirement Sys., 178 AD3d at 408).
Here, the Supreme Court properly granted NYCERS's motion pursuant to CPLR 3211(a) to dismiss the complaint. The plaintiff seeks review of NYCERS's determination of the plaintiff's challenge to its calculation of his retirement benefits. The court correctly concluded that the September 2015 letter set forth NYCERS's final determination in relation thereto (see Matter of Best Payphones, Inc. v Department of Info. Tech. & Telecom. of City of N.Y., 5 NY3d at 34; Matter of King v Department of Educ. of the City of N.Y., 128 AD3d 443, 444; Matter of Cathie v Greenstein, 194 AD3d 925, 926). The terms of the September 2015 letter and the context in which it was sent—including that it followed prior correspondence outlining the plaintiff's benefits under the 55/25 Plan and was consistent therewith—did not create any "ambiguity or uncertainty as to whether a final and binding decision ha[d] been issued" (Matter of Carter v State of N.Y., Exec. Dept., Div. of Parole, 95 NY2d at 270). Since the plaintiff did not commence this action until April 2022, nearly seven years after NYCERS's final determination in the September 2015 letter, his challenge to that determination was time-barred (see Matter of Thomas v New York City Employees' Retirement Sys., 183 AD3d 898, 899-900; Lieblich v Teachers' Retirement Sys. of the City of N.Y., 181 AD3d at 519; Clissuras v City of New York, 131 AD2d at 717).
Moreover, NYCERS's letter dated November 19, 2021 (hereinafter the November 2021 letter), which "further explain[ed] its position[,] . . . did not undermine the finality of [the September 2015 letter's] determination, or serve to extend or revive the limitations period" (Tornheim v Fiala, 136 AD3d at 797). The November 2021 letter did not present "a fresh and complete examination of the matter based on newly presented evidence" (Matter of Riverso v New [*4]York State Dept. of Envtl. Conservation, 125 AD3d at 977 [internal quotation marks omitted]). In the November 2021 letter, NYCERS responded to the plaintiff's request, in effect, for reconsideration and "merely reiterated" the position set forth in NYCERS's final determination made more than six years earlier (St. John's Riverside Hosp. v City of Yonkers, 151 AD3d at 789; see Matter of Teichmann v New York City Employees' Retirement Sys., 178 AD3d at 408; Matter of Strax v City of New York, 172 AD3d at 1381). Contrary to the plaintiff's contention, although the November 2021 letter contained "erroneous advice" regarding the availability of CPLR article 78 relief, NYCERS nonetheless was not estopped from arguing herein that the September 2015 letter constituted its final determination (Matter of Mount Vernon City Sch. Dist. v R.N., 188 AD3d 889, 889; see Wilson v Neighborhood Restore Hous., 129 AD3d 948, 949), particularly considering that the limitations period had expired years before the November 2021 letter was ever issued.
Finally, even assuming, as the plaintiff asserts, that NYCERS could not have issued a final determination on the challenged calculation until the plaintiff became eligible to receive benefits under the 62/5 Plan, this action would still be time-barred (see Jones v Safi, 58 AD3d 603, 603-604). After the plaintiff became eligible for retirement benefits under the 62/5 Plan upon his 62nd birthday, NYCERS reiterated the position set forth in the September 2015 letter, among other things, in a letter issued in August 2021, more than four months before the commencement of this action.
The parties' remaining contentions need not be reached in light of our determination.
BARROS, J.P., WOOTEN, WARHIT and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court